Charles KNOX, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Mary KNOX, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

July 2, 1987.

Rehearing Denied Sept. 24, 1987.

Linda K. West, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Cicely Jaracz Lambert, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

Charles Knox and Mary Knox, husband and wife, were convicted respectively of first degree rape and complicity to commit first degree rape of Mary's daughter. Each received a sentence of life imprisonment from the Shelby Circuit Court and appealed as a matter of right. The cases were consolidated on appellants' motion and a joint brief was filed.

The evidence at trial indicated that Mary, the mother of the victim, was aware of the relationship between her husband and her daughter. The child testified that she told Mary that Charles was "messing" with her and pleaded with her mother to make him stop. The evidence further showed however, that Mary did not intervene on the child's behalf and in fact took no actions for the child's protection.

The primary issue to be addressed is whether appellant Mary Knox had a legal duty to make an effort to prevent the rape by Charles Knox. Mary was charged and convicted under KRS 502.020(1)(c). The statute reads:

> 502.020. Liability for conduct of another—Complicity.—(1) A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense; he:
>
> .    .    .    .    .
>
> (c) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.

Over defense counsel's objections, the trial court found that Mary had an affirmative legal duty to make an effort to prevent the commission of the rape. Appellant Mary Knox asserts the trial court erred in its determination that a duty to prevent the offense is imposed by law. We agree. We know of no statute or common law which imposes such a "legal duty" on this appel-

lant. We know of no higher moral duty than that of preventing such a crime, and, indeed, a failure to do so is most "reprehensible." Cf. *Elmendorf v. Commonwealth,* 171 Ky. 410, 188 S.W. 483 (1916). However, "a moral duty to take affirmative action is not enough to impose a legal duty to do so." 1 W. LaFave & A. Scott, *Substantive Criminal Law* 284 (1986).

The Commonwealth searches for a specific statutory duty under the "child abuse" statutes, particularly KRS 199.335. The sections referenced to us require *reporting* child abuse in order that the services of the state may be utilized to prevent further abuse. This falls far short of the requirement of KRS 502.020(1)(c).

The Commonwealth argues that, in addition to the reporting statute, a legal duty is imposed by KRS 508.100 through 508.120 and KRS 530.040 and 530.050. KRS 508.-100 through 508.120 provide criminal liability for abuse. These statutes became effective after the date of the offenses with which the appellants were charged and cannot be considered. Cf. *Moore v. Ward,* Ky., 377 S.W.2d 881 (1964); Ky. Const. § 19; KRS 446.080(3). KRS 530.040 and 530.050 provide criminal liability for a parent who fails to provide support for or abandons his or her child. These statutes fall far short of the legal duty the Commonwealth seeks to impose.

In sum, while we do not approve the conduct of appellant Mary Knox, we find no legal duty to prevent the commission of the offense. We cannot sustain her conviction for complicity.

Mary complains of additional errors concerning improper instructions and insufficiency of the evidence. These issues were not properly preserved for review and, finding no manifest injustice, we decline to review them on appeal. *Stone v. Commonwealth,* Ky., 456 S.W.2d 43 (1970).

Charles Knox was charged and convicted of first degree rape as defined by KRS 510.040(1)(b):

(1) A person is guilty of rape in the first degree when: ...

(b) He engages in sexual intercourse with another person who is incapable of consent because he ... is less than twelve years old.

Charles asserts as error the insufficiency of the evidence that the victim was under the age of twelve at the time of the offense. The evidence was not challenged at trial as insufficient to prove the age of the child. There was no objection to the instructions concerning the child's age. This issue has not been properly preserved for review. Finding no manifest injustice we decline to address the question on appeal. *Stone v. Commonwealth, supra.*

Accordingly, the complicity conviction of Mary Knox is reversed; the conviction of Charles Knox for first degree rape is affirmed.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents in a separate opinion.

LAMBERT, J., joins in dissent.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which reverses the conviction of Mary Knox for complicity in first-degree rape. The evidence clearly indicates that Mary Knox, the mother of the victim, was fully aware of the criminal relationship between her husband and her daughter, and that she did not intervene on behalf of the child and took no actions to protect the child.

The conviction of the mother was pursuant to KRS 502.020(1)(c) which provides that a person is guilty of complicity if he has a legal duty to prevent the commission of an offense and fails to make a proper effort to do so.

KRS 199.335(2) provides that any person who knows that a child is an abused child has a duty to report such abuse, and upon such report shall be immune from any civil or criminal liability. This statute clearly imposes a duty on any person, including a parent, to report child abuse. The majority believes this obligation of reporting child

abuse does not require an attempt to prevent the commission of the crime.

KRS 199.335 has been repealed by 1986 c 423, § 198, eff. July 1, 1987. The new section on dependency, neglect and abuse provides in the legislative purpose of Chapter 620, as set out in KRS 620.010, in part, that children have certain fundamental rights which must be protected to be free from sexual and physical injury or exploitation. It is absolutely illogical to legislate a duty to report and prevent child abuse for many other named professions who are in "loco parentis" and hold in this opinion that the parent has no duty whatsoever to prevent abuse. It defies common sense.

KRS 508.100 through 508.120 provide the offense of criminal abuse for a person who permits another person of age twelve or under, of whom he has actual custody, to be abused. There was certainly a legal duty to prevent child abuse imposed on the mother. Depending on the circumstances it would be obvious that the best method of such prevention would be reporting it to the appropriate police authorities. There is no call for a parent to be a hero but only to take reasonable measures to prevent the abuse of their child.

It has been held in Kentucky that any person neglecting to discharge his duty by withholding food or clothing or medical care for a child can be found guilty of involuntary manslaughter. *See Westrup v. Commonwealth,* 123 Ky. 95, 93 S.W. 646 (1906). *Also see Roberson,* Ky. Criminal Law § 204.

It is my belief that the motion to dismiss the complicity charge on the basis of the absence of a legal duty was properly overruled by the trial judge. Consequently the conviction of Mary Knox should be affirmed.

LAMBERT, J., joins in this dissent.