Kimberly Lane ELLISON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 98–SC–487–TG.

Supreme Court of Kentucky.

June 17, 1999.

Karen Shuff Maurer, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for appellant.

A.B. Chandler III, Attorney General of Kentucky, Dina Abby Jones, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for appellee.

JOHNSTONE, Justice.

Appellant, Kimberly Lane Ellison, appeals her conviction for complicity to commit first-degree assault on grounds that it is an *ex post facto* application of the law. We hold that her argument is barred by the law of the case doctrine; consequently, we affirm Appellant's conviction and sentence.

Appellant, Kimberly Lane at the time, was convicted of complicity to commit first-degree assault in connection with an assault on her two-year old daughter by her live-in companion. Judgment was entered on April 21, 1994. On Appellant's motion, the trial court entered an order setting aside her conviction and granting her a new trial. Relying on this Court's decision in *Knox v. Commonwealth*, Ky., 735 S.W.2d 711 (1987), *overruled by Lane v. Commonwealth*, Ky., 956 S.W.2d 874 (1997), *cert. denied* —— U.S. ——, 118 S.Ct. 1067, 140 L.Ed.2d 127 (1998), the trial court reasoned that Appellant had no legal duty to prevent the assault on her child. The Court of Appeals reversed the trial court and remanded for sentencing. After reviewing the opinion of the Court of Appeals, we held that Appellant had a legal duty to protect her child and affirmed the Court of Appeals. *Lane, supra.*

■ On remand, the Barren Circuit Court sentenced Appellant to ten years' imprisonment, which was suspended. Further, the trial court placed Appellant on probation for a period of five years. On appeal, Appellant argues that her conviction on the underlying offense·is an unconstitutional *ex post facto* application of the law. Specifically, she argues that her conduct was not unlawful under *Knox, supra,* and, therefore, she had no fair warning that she would be subject to criminal liability for failing to protect her daughter from being abused. However, this same argument was made in her petition for rehearing from our decision in *Lane, supra,* which we summarily denied.

■ In denying the petition for rehearing, we necessarily determined the *ex post facto* issue. Having been decided, that decision becomes the law of the case.

> A final decision of this Court, whether right or wrong, is the law of the case and is conclusive of the questions therein resolved. It is binding upon the parties, the trial court, and the Court of Appeals. It may not be reconsidered by prosecuting an appeal from a judgment entered in conformity therewith.

*Williamson v. Commonwealth,* Ky., 767 S.W.2d 323, 325 (1989), quoting *Martin v. Frasure,* Ky., 352 S.W.2d 817 (1962).

Appellant appeals from her final sentencing, which is a judgment made by the trial court in conformity with our opinion in *Lane, supra.* Her argument on appeal is clearly barred by the law of the case doctrine. The fact that we did not specifically address the issue in our denial of her petition for rehearing does not change this result. Moreover, failure to specifically address the issue does not create any wiggle room in the applicability of the law of the case doctrine.

■ Finally, Appellant petitioned for a writ of certiorari from our opinion in *Lane, supra,* which was denied by the U.S. Supreme Court. In opposing the writ, the Commonwealth argued that our cursory denial of Appellant's petition for rehearing did not establish that we had addressed the *ex post facto* issue in our opinion. Appellant argues that this "concession" by the Commonwealth controls the scope of the legal effect of our opinion in *Lane, supra.* It goes without saying that the Office of the Attorney General has no power to bind or limit the opinions of this Court.

For the reasons set forth above, the judgment of the Barren Circuit Court is affirmed.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents without separate opinion.