Betty HARTMAN, A. Lenaye Mayfield, Marilyn Hohmann, Anita Dalrymple, Vickie Walker, Joan Fox, Linda Tanner, Curtis Calloway, Marcia Schiller, Barbara Gray, Rita Johnson and John Sizemore, Appellants,

v.

BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 10, 1978.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellants.

E. Preston Young, Dan McCubbin, Louisville, for appellee.

Before COOPER, HOWARD and PARK, JJ.

COOPER, Judge.

This is an appeal from a judgment in the Jefferson Circuit Court dismissing a complaint filed by certain counselors, employees of the Board of Education of Jefferson County, Kentucky.

The counselors were demoted by action of the Board dated July 13, 1977. This action was commenced on July 14, 1977, one day after the Board demoted the counselors.

The process for demotion started May 10, 1977, when the following letter was written to each counselor:

At the meeting of the Jefferson County Board of Education on Monday, May 9, 1977, a recommendation was made by E. C. Grayson, Superintendent, pursuant to the provisions of KRS 161.765, that you be demoted as an administrator within the Jefferson County School System. The specific reason for the recommendation was the reduction in the number of counselor positions resulting from the financial status of the Jefferson County School District.

Under the terms of KRS 161.765, the Board of Education took no action upon the recommendation and is hereby giving written notice to you of the recommendation of the superintendent. The provisions of the above statute require that if you wish to contest the above recommendation, you must file a written statement of such intent to contest with the superintendent within ten (10) days of receipt of this notice. If you do not file a written statement within ten (10) days of receipt of this notice, the Board may take action on the recommendation of the superintendent and such action shall be final.

Please be advised, if the recommendation of the superintendent is approved at the proper time and if, at a later date, we determine that a need exists for a counselor in your area of certification, you will be recalled in the order of seniority, which would be based on the date on which you were assigned to your present position. No staff vacancy will be filled through recruitment of a person of a race, color, or national origin different from that of the individual reassigned until each displaced staff member who is qualified has had an opportunity to fill the vacancy and has failed to accept an offer to do so.

The counselors served notice on the Board of their intention to contest the demotions. The Board then served on the counselors a letter, or paper, dated June 21, 1977 (marked Counselors Exhibit 9) which it contends was in compliance with KRS 161.765 Section 2, Subsection b, Sub-subsections 1 and 2, a part of which is as follows, to-wit:

At the meeting of the Board of Education of Jefferson County Schools on Monday, April 25, 1977, the recommendation was made by the Superintendent to eliminate a number of positions at the local school level and in the Central Offices of the school district. The position which you hold as Counselor was recommended for elimination which necessitated the recommendation of your demotion.

We are in receipt of your notice of intent to contest the demotion as recommended by the Superintendent. The hearing before the Board of Education pursuant to your demotion will be held on Wednesday, July 13, 1977, at 9:00 A.M. at the VanHoose Education Center.

Pursuant to the provisions of KRS 765 [sic] (Procedures for Demotion of Administrative Personnel: Appeal) the specific and complete statement of grounds upon which your proposed demotion was based is the required reduction of expenditures in the 1977–78 budget of the Jefferson County School District.

Upon receipt of the above statement of grounds, you shall, within ten (10) days file a written answer to the Superintend-

ent of Schools, c/o Mr. Ronald D. Barber, Associate Suprintendent for the Division of Employee Personnel. Failure to file such answer within the prescribed period of time will relieve the Board of Education of any further responsibility to hold the hearing and it may proceed to act upon the Superintendent's recommendation for demotion.

The hearing shall be public or private at the discretion of the Administrator and shall be limited to the matters set forth in the grounds for demotion.

After the demotions occurred, the counselors filed suit and contended that the Board had not complied with the applicable statutes and, accordingly, the demotions were void.

The circuit court held that the demotions were valid; that the notice required by KRS 161.765 was sufficient; and that the counselors were demoted on a seniority basis which could be inferred from the letter dated May 9, 1977. The court also ordered a corresponding reduction in salary, although the letter of May 9, 1977, did not mention a reduction in salary nor did the purported statement of the complete and specific grounds for the demotion as required by KRS 161.765 refer to any reduction in salary. The court further held that the statement contained in Counselors Exhibit 9 was sufficient compliance with the statute.

Several contentions and questions are raised on this appeal. The counselors contend:

(1) That the Board did not comply with KRS 161.765, Section 2, Subsection b, Sub-subsections 1 and 2 because the language,

Pursuant to the provisions of KRS 765 (Procedures for Demotion of Administrative Personnel: Appeal) the specific and complete statement of grounds upon which your proposed demotions was based is the required reduction of expenditures in the 1977–78 budget of the Jefferson County School District.

is not a specific and complete statement of grounds upon which the proposed demotions may be based.

(2) As the circuit court's judgment called for a reduction in salary and no notice was given to the counselors that the Board proposed to reduce their salary, and the Board did not do this before May 15, 1977, as required by KRS 161.760, such portion of the court's judgment is erroneous.

(3) That the court was in error when it concluded that when demotions or reductions are done on a system-wide basis, such action does not have to be taken before May 15, 1977.

The Board raises the following issues:

1. WHETHER THE BOARD HAS THE AUTHORITY UNDER STATE LAW TO DEMOTE ADMINISTRATORS WHO HAVE COMPLETED AT LEAST THREE (3) YEARS ADMINISTRATIVE SERVICE PRECEDED BY A NOTICE THAT SETS FORTH THE GROUNDS FOR SAID DEMOTION AS STRICTLY ECONOMIC AND NONPERSONAL.

2. WHETHER THE STATUTORY PROCEDURE FOR SAID DEMOTION IS GOVERNED BY THE PROVISIONS OF KRS 161.765.

In our opinion the real issue in this case is:

WHETHER ADEQUATE AND PROPER NOTICE WAS GIVEN BY THE BOARD TO THE COUNSELORS IN COMPLIANCE WITH KRS 161.765.

One of the contentions that the counselors make relates to the specificity contained in Exhibit 9 which is the purported compliance by the Board with KRS 161.765, Section 2, Subsection b, Sub-subsections 1 and 2. KRS 161.765 provides in Section 2, Subsection b, Sub-subsection 1 "that a written statement of grounds for demotion . . . would be served upon an administrator. Said statement shall contain:

(1) A specific and complete statement of grounds upon which the proposed demotion is based, including where appropriate dates, times, names, places and circumstances."

■ The appellants contend that the letter served on the counselors is not a specific and complete statement of grounds upon which the proposed demotions were based and does not include any dates, times, names, places and circumstances which would tell the counselors how they were selected for demotion as opposed to the counselors who were not demoted. An identical form statement was served upon each counselor. Counselors Exhibit 9, which contains the attempted compliance of KRS 161.765, only states that the demotion is based upon required reduction of expenditures in the 1977–78 budget of the Jefferson County School District. It does not say why expenditures were required to be reduced nor does it say why the reduction should be applied to the counselors as opposed to reducing some other expenditure. It does not say why a particular counselor was selected as opposed to another counselor or other administrator of equal pay and rank. It does not say or tell where the specific budget adjustment is made nor does it say when a budget will be adopted for the 1977–78 year or if one has been adopted.

We agree with the appellants on the above contention.

■ This Court very jealously and zealously guards the rights of public employees and requires charges for demotion or discharge to be very definite and certain. See *Armstrong v. Board of Civil Service Commissioners*, 243 Ky. 415, 48 S.W.2d 1055 (1932); *Osborne v. Bullitt County Board of Educ.*, Ky., 415 S.W.2d 607 (1967).

We note in 68 Am.Jur.2d, *Schools*, Section 188, at page 519, the following language:

Under statutes requiring that a notice of dismissal state in detail the reasons for the proposed cancellation of the teaching contract, a notice which merely specifies a statutory cause in generic terms does not sufficiently inform the teacher of the charges against him, or provide the teacher with facts upon which he can reasonably formulate a defense.

■ While this specifically mentions teachers, we believe it to apply to administrative personnel as well.

When the statute involved here and the foregoing authorities are measured against what has happened here, it is clear that a specific and complete statement of grounds upon which the proposed demotions were based was not given to the appellants as required.

The judgment is reversed for proceedings consistent with this opinion.

All concur.