T. O. BLACKBURN, Appellant,

v.

BOARD OF EDUCATION OF BRECKINRIDGE COUNTY, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1978.

Arthur L. Brooks, Brooks & Sullivan, Lexington, John J. Slattery, Jr., Louisville, for appellant.

Thomas C. Brite, Duke & Brite, Hardinsburg, for appellee.

Before HAYES, VANCE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered April 22, 1977, which sustained a decision of the Breckinridge County Board of Education discharging a tenured teacher, and involves the interpretation of part of the Teacher Tenure Act and particularly KRS 161.790. By letter dated May 12, 1975, the appellant was advised that the School Board had met on that date and upon the recommendation of the Superintendent had terminated the appellant's contract of employment. Five reasons were stated in the letter. On May 19, 1975, the appellant notified the Superintendent that he intended to appear at a hearing before the Board, scheduled June 5, 1975, to contest the charges. At the June 5, 1975, hearing, appellant appeared with counsel and objected to the fact that the charges were not specific enough to enable him to prepare an adequate defense. Additional objection was made. All objections were overruled. The hearing was recessed until June 19, 1975, when additional testimony was taken and the hearing concluded. On June 23, 1975, the Board voted to terminate the employment contract and made their written findings. Appellant then appealed to the circuit court and elected to have the issues decided on the evidence produced at the administrative hearing, rather than on a trial de novo. This appeal followed.

The appellant raises the following questions of law:

1) Did the trial court commit reversible error when it sustained the School Board insofar as the charges were not in sufficient specific detail?

2) Did the trial court err when it sustained the School Board in that the charges were not supported by written teacher performance records?

3) Were the charges of inefficiency in the classroom supported by detailed written statements?

4) Were the charges tried before an impartial tribunal?

This Court reverses the judgment of the trial court.

The charges were not in sufficient detail as required by KRS 161.790(3). They did not permit the appellant to prepare an adequate defense and, therefore, denied him due process of law. It is well settled in Kentucky that in a termination proceeding under KRS 161.790, the giving of mere notice of a general grounds for termination in the language used in the statute, such as inefficiency or incompetency, is not sufficient to inform a teacher of the specific nature of the charges against him, so as to permit the preparation of an adequate defense. It has been held that the word incompetency is merely a conclusion, and that specific details by way of names, dates and places upon which such an allegation is based must be provided, so that an intelligent answer to such charges can be made. *Knox County Board of Education v. Willis,* Ky., 405 S.W.2d 952 (1966); *Osborne v. Bullitt County Board of Education,* Ky., 415

S.W.2d 607 (1967) and *Sparks v. Ashland Independent School District*, Ky.App., 549 S.W.2d 323 (1977).

Here, the record indicates that the allegations made against the appellant were not in sufficient detail to satisfy the statutory requirements, and they did not afford him the notice to adequately prepare a defense. He was not told the names, dates, occurrences, or other data upon which his supervisor relied to prove his inefficiency as a classroom teacher. From the subsequent hearings, it is apparent that such information was available to the Superintendent prior to the hearing and before the appellant was given notice of his contract termination. Such information could have been made available to the appellant prior to the hearing.

■ The charges were not supported by written records of teacher performance, prepared by the Superintendent or principal or other supervisory personnel, as required by KRS 161.790(2)(a). This statute requires that the termination of a tenured teacher contract shall be supported by written records of teacher performance. Here, the only record presented at the administrative hearing was an evaluation made by the principal and dated April 25, 1975. It would appear that this was a rather belated effort to support the allegations. The teacher had been employed in the school system for nine years. The record indicates that no written evaluation of his performance was prepared during those years, and it was only a few weeks before his discharge that any such evaluation was prepared.

■ The charge of inefficiency in the classroom is not supported by written statements identifying the difficulties that had been previously furnished to the appellant as required by KRS 161.790(1)(d). The statute requires that when the charges upon which the teacher is to be dismissed involve inefficiency, incompetency, or neglect of duty, that a written statement identifying the problem or problems must have been previously furnished to the teacher. It is clear that some opportunity for the teacher to correct the problem should be permitted. This section also provides protection for the teacher against a stale charge. Written charges, as required by KRS 161.790(3), furnished to the teacher at the time of a termination, do not fulfill the requirement of KRS 161.790(1)(d) of a written statement identifying the problem when incompetency, inefficiency, or neglect of duty are the grounds for such termination. The record does not indicate that any such written statement identifying the alleged problems was ever furnished to the appellant.

■ The appellant's allegation that he was denied due process of law, because the charges against him were not tried by an impartial panel, was cured by the fact that a voir dire examination was conducted. The record does not support the contention that the Board of Education permitted an attorney who regularly advised the Board to prosecute the case. The decision to terminate the teacher was made at a called meeting of the Board on June 23, 1975. The record here does not indicate a sufficient showing of any improper conduct in regard to that particular decision of the Board.

The specific findings of the Board as to inefficiency in the classroom are based primarily on the performance of the teacher at the hearing. Unquestionably, the teacher's presentation showed that he was a very poor witness, since he was unable to remember his birthdate, could not recall the names of ten of his students and was unable to explain elementary aspects of certain terms. However, the ultimate determination by any administrative body must be based on appropriate due process, plus a record of evidence to support the decision. The statutory requirements must be complied with in order to give every person accused of improper classroom performance the technical opportunity to defend themselves in an adequate fashion. It appears to this Court that local legal counsel might have been engaged to advise the Board of Education at the inception of the problems which ultimately lead to the termination of the teacher. The failure to obtain legal counsel early is false economy.

**38**

Here, the judgment of the trial court was clearly erroneous in that it sustained the findings of the Board of Education, when the record indicates that the charges were vague and not in sufficient detail, and were not supported by written records of teacher performance.

Therefore, the judgment of the trial court is reversed.

All concur.