Pearl MILLER, Appellant,

v.

BOARD OF EDUCATION OF HARDIN COUNTY, Kentucky; Charlie Akins, individually and in his official capacity as Superintendent and Secretary of the Board of Education of Hardin County, Kentucky; and J. Russell Hargan, Elizabeth Bland, Bill Logsdon, Kenneth Hayden, and Johnny Simpson, all individually and in their official capacities as members of the Board of Education of Hardin County, Kentucky, Appellees.

Court of Appeals of Kentucky.

Oct. 17, 1980.

Discretionary Review Denied
Feb. 13, 1981.

John Frith Stewart, Rex Dunn, Segal, Isenberger, Sales & Stewart, Louisville, for appellant.

Paul M. Lewis, Lewis, Bland & Preston, Elizabethtown, for appellees.

Before HOWARD, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

Miss Pearl Miller appeals from a judgment of the Hardin Circuit Court adjudging that her demotion from the position of school principal to teacher was proper and dismissing her claim for damages. Miss Miller had been a principal for more than three years at the time of her demotion.

The appellant first contends that her demotion was improper because it was not recommended to the Hardin County Board of Education by the Superintendent as re-

quired by KRS 161.765(2)(a). The circuit court found that such a recommendation was made to the Board on April 24, 1978. This finding is supported by substantial evidence and may not be set aside by us. CR 52.01.

■ Next the appellant contends that the Board violated KRS 161.765(2)(a) because it voted on April 24, 1978, to demote her while that statute provides that if the superintendent recommends a demotion "the Board shall note the recommendation and take no action." The minutes of the Board meeting on that date state as follows:

> The superintendent recommended that Miss Pearl Miller, presently principal of G.C. Burkhead Elementary, be notified that she is to be demoted to the position of teacher or other possible services with the Board of Education effective beginning with the 1978–79 school year. The motion was made by Mr. Simpson and seconded by Mr. Hargan to so notify Miss Miller. Vote unanimous.

According to the appellant, these minutes can only indicate that the Board acted on the recommendation and demoted her at that time. The minutes are at best ambiguous, and the circuit court found that the appellant was demoted at the conclusion of the hearing before the Board. The hearing concluded on July 7, 1978. This finding is also supported by substantial evidence. The subsequent actions of the Superintendent and the Board, for example, indicate that the Board's intent on April 24 was not to demote but to notify the appellant of a proposed demotion.

■ We believe that the statement of grounds for the appellant's demotion sufficiently complies with the requirements of KRS 161.765(2)(b) as to specificity and completeness. Unlike the situations in *Hartman v. Board of Education of Jefferson County*, Ky.App., 562 S.W.2d 674 (1978), and *Blackburn v. Board of Education of Breckinridge County*, Ky.App., 564 S.W.2d 35 (1978), the statement of grounds here did

much more than specify a statutory cause in generic terms. Specific occasions with dates are referred to in the statement, and where dates are not given the nature of the allegations are such that citing specific dates or occasions would not seem necessary to permit the appellant to formulate a defense. *Osborne v. Bullitt County Board of Education*, Ky., 415 S.W.2d 607 (1967); *Knox County Board of Education v. Willis*, Ky., 405 S.W.2d 952 (1966); *Board of Education v. Chattin*, Ky., 376 S.W.2d 693 (1964).

■ The appellant argues that the Board's decision to demote her must be overturned as arbitrary because there was no substantial evidence to support the thirteen charges which were made against her. We have reviewed the evidence, which is voluminous, and find that there is substantial evidence to support, if not all, at least some of the charges.[1] Neither the appellant nor the appellees have furnished us with guidance as to whether proof of any one or more of the charges, but less than all, establishes sufficient basis upon which to demote the appellant. Neither KRS 161.765 nor any other statute mentions what grounds are necessary to demote a school administrator who has completed three years of administrative service, as had the appellant. The statutes do not even state a specific requirement of "cause" for demotion. *Cf. Smith v. Board of Education of Ludlow*, 264 Ky. 150, 94 S.W.2d 321 (1936). This contrasts with KRS 161.790 which is quite specific as to the grounds necessary to discharge a tenured teacher and leads us to conclude that the Legislature intended to leave the grounds for demotion of an administrator to the sound discretion of the local superintendent and board of education. Of course, those grounds may not be arbitrary or unreasonable or otherwise be violative of a right protected by the State or Federal Constitutions.

---

1. For the purposes of this opinion, we have not considered charge # 10 because it is not necessary to our conclusion.

In the present case, the charges which are supported by substantial evidence indicate an unwillingness or inability on the part of the appellant to follow, or to follow promptly, significant directives of the superintendent. We believe that this constitutes sufficient cause to demote the appellant. We should add that the evidence concerning what the Board apparently believed to be the appellant's shortcoming was disputed. There is much evidence that she was a very capable administrator; nevertheless, it is not the role of this Court to play the fact finder where facts are in dispute and there is substantial evidence on both sides of the question.

We do not believe that any of the charges leveled against the appellant were "stale" in the sense that term was used in *Blackburn v. Board of Education of Breckinridge County, supra.* In that case the charges against the tenured teacher involved inefficiency stretching over *nine* years. The charges here cover a period of no more than two years and involve what appears to have been an effort to establish a continuing course of conduct in disregard of the Superintendent's letter of March 23, 1976.

The Board complied with KRS 161.765(2)(e) in that it voted to "uphold" the appellant's demotion and so advised her at the conclusion of the demotion hearing. There is no merit in the appellant's contention that the vote of the Board to demote her must have been held in public. *Bell v. Board of Education of Harlan,* Ky.App., 557 S.W.2d 433 (1977); KRS 161.765(2)(d); KRS 61.810(10).

We also find no merit in the appellant's claim that she was denied due process of law. Even if the Board failed to provide her with an opportunity to pursue her alleged affirmative defenses, she was given that opportunity as well as an opportunity to establish the Board's bias before an unbiased tribunal, the circuit court. *See Carter v. Craig,* Ky.App., 574 S.W.2d 352 (1978); *Kelly v. Board of Education of Monticello,* Ky.App., 566 S.W.2d 165 (1977).

There is nothing in this record to demonstrate such "outright prejudice" by the Board as to amount to arbitrariness as was found in *Hart County Board of Education v. Broady,* Ky.App., 577 S.W.2d 423 (1979).

The evidence concerning whether the Board unreasonably delayed in furnishing a transcript of the demotion hearing was in dispute. There was evidence that the delay was caused by the reporter's work load rather than by any act or omission by the Board. No finding on this question was made by the circuit court, nor was one requested. In the absence of factual findings it is impossible for us to review this question. We have a similar problem with respect to the allegation that private unrecorded consultations between the Board and the attorneys for the parties took place during the demotion hearing. The appellant points to nothing in the record of that hearing indicating such consultations took place, and the only evidence in the circuit court record supporting this claim is the hearsay testimony of the appellant, which was objected to.

On May 8, 1978, the appellant was assigned to a position in the school system's central office. On July 24, following the demotion hearing, she was reassigned to the position of classroom teacher. She maintains that this reassignment was unlawful because KRS 161.760 precludes reassignment of certified personnel after July 15 except for certain reasons not applicable to her case. She also maintains that her salary should not have been reduced from $25,623.00 to $17,623.00 because she was not given written notice of the reduction by May 15 as required by the same statute. The appellees counter that the reassignment and notice provisions of KRS 161.760 are not applicable to a case which falls under KRS 161.765(2). Neither *Settle v. Camic,* Ky.App., 552 S.W.2d 693 (1977), nor *Board of Education of McCreary County v. Stephens,* Ky., 449 S.W.2d 421 (1970), is dispositive of this question since those cases involve situations which arose prior to the 1974 enactment of KRS 161.765.

KRS 161.765(1), which applies to the demotion of an administrator who has not completed three years of administrative service, expressly provides that the board of education must comply "with the requirements of KRS 161.760." No such express provision is found with respect to demotions of administrators under subsection (2) of 161.765. This may be taken as some evidence that the Legislature did not intend the reassignment and notice provisions to apply to the demotion of administrators who have completed three years of administrative service. However, it does not seem logical, though the application of logic to the tenure statutes may be somewhat untoward if not perverse, that the Legislature intended to afford the less experienced administrators the benefits of the procedural safeguards concerning notice and reassignment while denying these same safeguards to the more experienced. We believe that KRS 161.765(2) is intended to furnish administrators of longer tenure with procedural safeguards in addition to those already due them under KRS 161.760.

The appellees point out that the term "demotion" is defined by KRS 161.-720(9) to mean "a reduction in rank from one position on the school district salary schedule to a different position on that schedule for which a lower salary is paid." They argue that notice of a proposed demotion is therefore necessarily notice of a proposed reduction in salary and reassignment. We do not quarrel with the soundness of that argument, but it can have no effect on the outcome of this case. In the first place, the notice of the proposed demotion of the appellant was not sent to her until May 18, three days after the May 15 deadline for notice of a reduction in salary. In the second place, the notice was only of the superintendent's recommendation that she be demoted and the grounds therefor. It could not have been a notice of a reduction in salary or of reassignment because the Board had not yet acted on the superintendent's recommendation.

We are aware that our statutory interpretation will often necessitate prompt action on the part of a superintendent in recommending the demotion of administrators with three years' service and equally prompt action on the part of a board of education in acting on that recommendation in order that the notice of salary reduction and reassignment deadlines can be met, particularly where the administrator is likely to request a hearing. But this necessary promptness would appear to be an intended result so that the more experienced administrator will know where he or she stands at least as soon as his or her less-experienced colleague.

We find no evidence in the record to warrant recovery of punitive damages or damages to the appellant's professional reputation.

The judgment of the circuit court insofar as it affirms the demotion of the appellant is affirmed. The judgment of the circuit court insofar as it affirms the reduction of the appellant's salary for the school year 1978–79 is reversed and this case is remanded to that court for entry of a judgment awarding the appellant the same salary for the 1978–79 school year as was paid to her during the preceding year.

