Billy G. DAUGHERTY, Appellant,

v.

Clayton HUNT, Pendleton Embry, Vivin Brooks, Phyllis Embry, and Steve Layne, individually and as members or officers of the Butler County Board of Education, and the Butler County Board of Education, Appellees.

BUTLER COUNTY BOARD OF EDUCATION, Cross-Appellant,

v.

Billy G. DAUGHERTY, Cross-Appellee.

Court of Appeals of Kentucky.

June 7, 1985.

As Modified June 21, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Aug. 28, 1985.

Flora Templeton Stuart, Bowling Green, for appellant and cross-appellee.

Michael A. Owsley, English, Lucas, Priest & Owsley, Bowling Green, for appellees and cross-appellant.

Before COOPER, HOWARD and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal and cross-appeal from a judgment of the Butler Circuit Court affirming the action of the Butler County Board of Education demoting the appellant from his position as an elementary school principal to that of classroom teacher.

■ The appellant raises a number of issues on appeal. After reviewing the record and the well-considered opinion of the circuit court, we are convinced that the appellant was accorded due process in the proceedings concerning his demotion and that the court properly found that the school board had sufficient grounds to follow the superintendent's recommendation of demotion. As the circuit court noted, the facts in this case are quite similar to those in *Miller v. Board of Education of Hardin County,* Ky.App., 610 S.W.2d 935 (1980), and we believe that what we said there applies here with respect to all but one of the questions raised by the appellant. The appellant asserts that the circuit court erred in not permitting the members of the school board to be sued individually. Because of the result which we have reached as to the other issues raised, this question is moot, so we shall not consider it.

■ On cross-appeal, the cross-appellant argues that the circuit court erred in requiring the board to pay the appellant the same salary in the succeeding year after the demotion as he was paid in his last year as a principal. The court reached this result because the school board had not yet acted on the superintendent's recommendation and reduced the appellant's salary by May 15 of his last year as principal. The appellees ask us to reconsider our decisions in *Miller v. Board of Education of Hardin County, supra,* and *Banks v. Board of Education of Letcher County,*

Ky.App., 648 S.W.2d 542 (1983), insofar as they hold that the failure of the school board to act and to notify a teacher or administrator of a salary reduction by May 15, entitles that person to continue to receive the unreduced salary for the succeeding year. The appellees believe that "[t]o read the May 15 deadline [found in KRS 161.760(2)] into KRS 161.765(2) wreaks havoc among school boards, schools, and communities across our State." They question and the circuit court was puzzled as to how this Court can apply KRS 161.-760 which relates to "teachers" to KRS 161.765 which relates to "administrators." Both have overlooked the fact that by definition an "administrator" other than a superintendent is also a "teacher". *See* KRS 161.720(1) & (8). We have viewed, and we believe correctly, KRS 161.765(2) as affording "administrators" additional procedural safeguards above those they already enjoy as "teachers." Although, as we noted in *Miller,* the May 15 deadline may require superintendents and school boards to act with promptness in some cases, we doubt that it "wreaks havoc ... across our State." It would seem rare indeed, if not inexcusable, that a superintendent would not be aware that a principal was not living up to expectations until well into the fourth quarter of a school term, and the procedures outlined in KRS 161.765 could all be accomplished by May 15 if a recommendation were made to the school board within a few weeks of the beginning of the fourth quarter of a school term. Of course, if a principal were guilty of immorality, misconduct in office, incompetence or willful neglect of duty, his removal without regard to KRS 161.765 or KRS 161.760(2) could be secured through proceedings initiated by the superintendent of public instruction pursuant to KRS 156.132.

The judgment of the trial court is affirmed.

All concur.