BOARD OF EDUCATION OF McCREARY COUNTY and Eddie L. Brown, Individually and as Superintendent of McCreary County Schools, Appellants,

v.

Joe W. WILLIAMS, Appellee.

No. 89–CA–2000–MR.

Court of Appeals of Kentucky.

Jan. 25, 1991.

Rehearing Denied April 12, 1991.

James D. Ishmael, Jr., Wyatt, Tarrant & Combs, Lexington, for appellants.

Arthur L. Brooks, Ron L. Walker, Jr., Brooks, Coffman & Fitzpatrick, Lexington, for appellee.

Before LESTER, C.J., and HOWARD and McDONALD, JJ.

LESTER, Chief Judge.

The Board of Education of McCreary County and the Superintendent of Schools of McCreary County appeal from a judgment of the McCreary Circuit Court ordering the Board to pay to Joe Williams $3,986 additional salary for the 1988–89 school year.

Williams was a vocational teacher and vocational coordinator at the McCreary County High School. On Tuesday, May 10, 1988, Superintendent Brown told Williams that he was going to recommend to the Board that Williams be removed as vocational coordinator for the following school year and that he would receive a corresponding reduction in salary. On Thurs-

day, May 12, 1988, the Board voted approval of this recommendation. The following day Brown wrote a letter informing Williams of the Board's action. The letter was hand-carried to the high school but Williams had called in sick that day so it was not delivered. Instead the letter was taken to the post office and certified and a return receipt was placed in Williams' post office box that afternoon, Friday May 13. Williams did not pick up his mail on Friday or Saturday. On Monday a member of his family collected the mail and informed him that a certified letter was at the post office. Williams picked up the letter on Tuesday, May 17, 1988.

KRS 161.760(3) provides that reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary provided that written notification stating the specific reason for the reduction be furnished to the teacher no later than May 15. Williams filed for relief based on the statute claiming that he did not receive timely notice of the reduction in salary. After a bench trial on June 1, 1989, the court found that the statute had been violated and ordered additional pay of $3,986 for the 1988–89 school year, the amount his salary had been reduced.

The Board and Superintendent argue that the court erred and that timely notice was furnished to Williams. Actual notice is not sufficient to satisfy the statute but written notification is required. *Settle v. Camic*, Ky.App., 552 S.W.2d 693 (1977). Superintendent Brown prepared a writing on May 13 and had the receipt for the certified letter placed in Williams' post office box and available to him as of that day. Thus written notification was furnished to Williams prior to May 15. His own failure to collect and read his mail does not negate that fact. We note by way of analogy CR 5.02 which provides that service by mail is complete upon mailing. The time requirements of KRS 161.760(3) have been satisfied.

Williams contends that even if the statutory time requirement was satisfied, the notice did not provide specific reasons for the reduction which is also a requirement of KRS 161.760(3). At the time of the removal of Williams' responsibility, the statute specifically required "reasons for reduction in responsibility." The words "in responsibility" were added in 1982 (1982 C 338 § 1) and deleted in 1990 (1990 C 476 § 84). The letter from Brown to Williams states in pertinent part:

> Specifically, your duties as Coordinator of Vocational Education will no longer be required as that position will be incorporated into Central Office Staff members' duties.

In his deposition, Brown stated that the reason for transferring the duties was that he had had "numerous complaints among the vocational staff there" but declined to identify who had complained or what the complaints involved. When the statute requires reasons, it means true reasons. Charges against a teacher must be specific enough for him to prepare a defense. *Blackburn v. Board of Education of Breckinridge Co.*, Ky.App., 564 S.W.2d 35 (1978). The grounds for demotion of an administrator are left to the sound discretion of the superintendent and board of education so long as they do not act in an arbitrary or unreasonable manner. *Miller v. Board of Education of Hardin Co.*, Ky.App., 610 S.W.2d 935 (1980). Without the specific reasons as required by statute and an opportunity for Williams to present his response thereto, the court cannot evaluate the demotion to determine whether or not it was based on valid grounds. In that the reason stated in the letter was not the reason underlying the action, we find that the notification does not satisfy KRS 161.-760(3).

The general rule is that an appellate court will affirm a correct decision of a trial court even if the lower court reached its decision through incorrect or different reasoning. *White v. Board of Education of Somerset Independent School District,*

Ky.App., 697 S.W.2d 161 (1985). While we disagree that the time requirements were not met, our finding that the reasons stated in the letter do not meet the statutory requirement leads us to the same conclusion as that reached by the trial court.

Therefore, the judgment of the McCreary Circuit Court is affirmed.

All concur.