Robert ESTREICHER, Appellant,

v.

BOARD OF EDUCATION OF KENTON COUNTY, KENTUCKY; and Neil Stiegelmeyer, in official capacity as Superintendent of Kenton County Schools, Appellees.

No. 96–SC–394–DG.

Supreme Court of Kentucky.

Sept. 4, 1997.

Jill K. Osborne, Lexington, for Appellant.

Charles H. Deters, Jed K. Deters, Deters, Benzinger & Lavelle, Covington, for Appellees.

STUMBO, Justice.

This case arises out of the demotion of Appellant, Robert Estreicher, from his position as an administrator in the Kenton County school system.

Appellant began his tenure as Associate Director of Special Education in the Kenton County Schools during the 1979–80 school year. On April 26, 1994, Appellant received a letter from the Kenton County school superintendent, Appellee Neil Stiegelmeyer, informing him of his impending demotion to a teaching position following the 1993–94 school year. Pursuant to KRS 161.765(2)(a), Stiegelmeyer notified Appellee Kenton County Board of Education ("the Board") of his action on May 2. On May 4, Appellant gave Stiegelmeyer written notice of his intent to contest the demotion under KRS 161.765(2)(a). Stiegelmeyer's May 9 reply set forth, largely by reference to previous correspondence, the specific reasons for Appellant's demotion, including insubordination, "conduct unbecoming a member of the professional staff" and "failure to work as a member of the administrative team." The letter also informed Appellant that he had ten days to answer the charges and request a public or private hearing. A subsequent letter dated May 17 from Stiegelmeyer to Appellant scheduled a hearing on the matter for June 2, 1994. Appellant requested and received a continuance, and the hearing was rescheduled for June 27.

At the hearing, Appellant moved to have the case dismissed as the result of the Board's failure to act and finalize the demotion prior to May 15, as Appellant claimed was required under KRS 161.760(3), KRS 161.765(1) and *Banks v. Board of Educ. of Letcher County,* Ky.App., 648 S.W.2d 542 (1983). Appellant also sought dismissal based on the alleged failure of the Board to state specific charges or to set a hearing date under KRS 161.765(2)(b). The Board denied the motion and, following the hearing, officially demoted Appellant. Appellant challenged the decision in circuit court, relying on the same allegations as contained in his motion to dismiss before the Board. The Kenton Circuit Court upheld the demotion, as did the Court of Appeals. We granted discretionary review to consider, in light of prior case law, the tensions between KRS 160.390, which grants school superintendents broad power over personnel decisions, and KRS 161.765, which provides heightened procedural protections for school administrators. After considering the impact of the Kentucky Education Reform Act, or KERA, on a

school board's ability to impact personnel decisions, we hereby affirm.

In essence, as in each tribunal below, Appellant contends that Superintendent Stiegelmeyer and the Board failed to follow the procedures contained in KRS 161.765 in effecting his demotion. The power to demote an administrator with three years or more of experience, such as Appellant, comes from KRS 161.765, adopted as part of KERA in 1990. The statute allows a superintendent to demote an administrator by complying with certain procedures, beginning with written notice of the demotion to the board and the administrator. KRS 161.765(2). If the administrator fails to contest the demotion within ten days of receipt of the notice, the superintendent's action becomes final without any action from the board of education. *Id.*

■ However, if the administrator contests the demotion, as in this case, additional requirements must be met. Upon receipt of the administrator's notice to contest the demotion, a "specific and complete" written statement of grounds for the demotion, signed by the superintendent, must be served on the administrator; the same notice must also inform the administrator of the date, time and place for a hearing. KRS 161.765(2)(b)(1)–(2). Appellant, who argues that the Board met neither of those two requirements, submits that these added procedures must also be read in conjunction with KRS 161.760. That statute provides, in pertinent part: "Reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary provided that written notification stating the specific reason for the reduction shall be furnished to the teacher not later than May 15." KRS 161.760(3).[1]

According to Appellant, then, the demotion of an administrator does not become final until the full procedural protections of KRS 161.765 have been observed. Appellant cites *Banks, supra,* as well as *Daugherty v. Hunt,* Ky.App., 694 S.W.2d 719 (1985), and *Miller v. Board of Educ. of Hardin County,* Ky.App., 610 S.W.2d 935 (1980), to support his conten-

tion that, in this case, the Board's failure to take official—and presumably, final—action prior to May 15 violates KRS 161.760(3) and invalidates any attempted demotion. Indeed, we readily agree that *Banks, Daugherty,* and *Miller* bolster Appellant's argument that, in order to effect a demotion accompanied by a reduction in salary, a school board must pass on the decision prior to May 15. In our view, however, Appellant's argument ignores the impact of the passage of KERA on the decision-making process in matters of school personnel.

As the Board points out, the Court of Appeals rendered *Banks, Daugherty* and *Miller* prior to KERA, which in 1990 brought sweeping change to virtually all areas of the Commonwealth's educational system. The Board directs our attention to KRS 160.390, which now sets forth the duties and responsibilities of a superintendent: "[A superintendent] shall be responsible for all personnel actions including hiring, assignments, transfer, dismissal, suspension, reinstatement, promotion, and demotion and reporting the actions to the local board." KRS 160.390(1). In the Board's opinion, KERA's broad grant of power to superintendents under KRS 160.390 effectively supersedes the cases relied upon by Appellant and, under the plain language of KRS 161.760 and KRS 160.390, makes the superintendent's action effective upon mere *written notice to the affected employee of the action.* We agree.

■ In our opinion, Appellant's argument overstates the importance of a school board's role in the post-KERA personnel process. Clearly, as advanced by the Board, KRS 160.390 confers upon a system's superintendent broad discretionary powers in personnel decisions. Although Appellant would have us hold that it is the Board's action, and not the superintendent's, which is controlling in meeting the May 15 deadline contained in KRS 161.760, KRS 160.390(2) provides otherwise, stating:

All personnel actions by the superintendent as described in subsection (1) shall be

---

1. While KRS 161.760 is couched in terms only of "teachers," the statute's provisions have been held to apply to school administrators as well, since, by definition, administrators are also teachers. *Daugherty, infra* at 720.

recorded in the minutes of the local board of education at the next meeting after the action is taken and shall not be effective prior to receipt of written notice of the personnel action by the affected employee from the superintendent.

Under KRS 160.390, then, the superintendent's action became effective when Appellant received notice of the demotion. While the legislature admittedly provided administrators with enhanced procedural protections in KRS 161.765, it does nothing to change the effective date of a demotion, and it is that effective date that controls for purposes of the May 15 deadline set forth in KRS 161.760.

In support of our decision, we note that, even with demotion of administrative personnel such as Appellant, the superintendent's action need not necessarily be ratified by the board of education. Instead, the board of education becomes involved only if the affected employee requests a hearing. The fact that an administrator might contest the demotion, and thus the action might not become "final" for some time is of no consequence. KRS 161.760(2) does not require finality to effect a reduction in salary. Indeed, by its very terms, KRS 160.390(2) makes the superintendent's personnel action effective upon receipt of written notice by the affected employee. Because Appellant received notice of the demotion on April 26, 1994, followed by a specific statement of reasons for the demotion on May 9, the requirements of KRS 161.760(3) have been met.

■ Having resolved the major issue on appeal, we have little trouble determining that Appellant's other two allegations of error, concerning the sufficiency of the statement required by KRS 161.765(2)(b), lack merit. Citing KRS 161.765(2)(b), Appellant alleges that Superintendent Stiegelmeyer failed to provide Appellant with specific reasons for his demotion and corresponding reduction in salary. Thus, Appellant contends, the attempted demotion is invalid. We cannot agree. KRS 161.765(2)(b) provides:

Upon receipt of the notice of intent to contest the demotion, a written statement of grounds for demotion, signed by the superintendent, shall be served on the administrator. The statement shall contain:

1. A specific and complete statement of grounds upon which the proposed demotion is based, including, where appropriate, dates, times, names, places, and circumstances[.]

Stiegelmeyer's May 9 letter to Appellant, while arguably containing only general statements of the charges against Appellant, alluded to past correspondence between the two that set forth, in some detail, the source of the superintendent's dissatisfaction with Appellant's performance. As a result, Appellant cannot claim to have been surprised by, or unaware of, the allegations against him.

■ KRS 161.765(2)(b)(1) protects administrators from demotions based on vague, unsubstantiated or generalized allegations of misconduct. The provision exists to allow administrators to know the specific nature of the charges against them, in order to evaluate intelligently the accusations and prepare fully for a hearing on the matter. *See Board of Educ. of McCreary County v. Williams,* Ky.App., 806 S.W.2d 649, 650 (1991) ("Charges against a teacher must be specific enough for him to prepare a defense."). In the circumstances at bar, Appellant previously had been apprised of the substance of Superintendent Stiegelmeyer's dissatisfaction with his performance. While the Court of Appeals held in *Williams* that actual notice on the part of the affected administrator did not meet the requirements of KRS 161.765, of crucial significance in the instant case is the fact that in the May 9 letter, the superintendent incorporated, by reference to previous correspondence, the allegations against Appellant. Accordingly, we believe that the purposes of the statute have been satisfied and hold that the May 9 letter met the requirement of a "specific and complete" statement of grounds for the demotion, as required under KRS 161.765(2)(b)(1). Appellant had the information needed to mount a defense. Had Appellant remained ignorant of Superintendent Stiegelmeyer's complaints against him until the eve of the hearing, the result might be different. But where, as here, the aims of the statute have been real-

ized, we will not interfere with the resulting decision.

Similarly, Appellant complains of Superintendent Stiegelmeyer's failure to set out a date, time, and place for the hearing in the May 9 letter, as required under KRS 161.765(2)(b)(2). Although the Board readily admits that the May 9 letter to Appellant did not set a date for the hearing, we note that a subsequent letter on May 17 corrected the omission, scheduling a hearing before the Board on June 2. Since we have rejected the notion that the requirements of KRS 161.765 must be completed by May 15, the fact that notice of the date, time, and place of the hearing reached Appellant on May 17 is of no consequence, so long as the purposes of KRS 161.765 are met.

█ As with KRS 161.765(2)(b)(1), we feel that the requirement of setting a time, date and place for a hearing embodied in KRS 161.765(2)(b)(2) protects administrators, apprising them of the time available to prepare for the impending hearing. Because Appel-

lant requested and received a twenty-five day continuance, we believe that the failure to comply with the technical requirements of KRS 161.765(2)(b)(2) in no way compromised his defense, and no prejudice resulted. His complaints of denial of due process notwithstanding, Appellant received each of the heightened protections due him as an administrator. He had before him specific allegations, as well as ample time to investigate and prepare a defense, and suffered no prejudice as a result of the actions of either Superintendent Stiegelmeyer or the Board.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All concur.