ACREE, JUDGE:
*4 The issue before us is whether the Jefferson Circuit Court erroneously dismissed Appellant Marc Hardin's complaint under Kentucky Rule of Civil Procedure (CR) 12.02(f) for failing to state a claim upon which relief may be granted. We find that it did. Accordingly, we reverse and remand for additional proceedings.
FACTS AND PROCEDURE
When reviewing appeals of CR 12.02(f) dismissals, we take as true the allegations contained in the complaint. Accordingly, we narrate the contents of Hardin's complaint as if undisputed fact.
Hardin was an administrator employed at Bullitt East High School in the Bullitt County Public School System for a total of three years, including the 2009-2010, the 2010-2011, and the 2011-2012 school years. In 2012, Appellee, the Jefferson County Board of Education d/b/a Jefferson County Public Schools (JCPS), offered Hardin an administrator position (assistant principal) at Middletown Elementary School. Hardin accepted. He served in that position for two years, including the 2012-2013 and the 2013-2014 school years. In total, Hardin has completed five years of administrative service in Kentucky schools.
On April 11, 2014, Patty Salyer, then-principal at Middletown Elementary, issued Hardin an unfavorable evaluation for the 2013-2014 school year, and recommended that Hardin be demoted from assistant principal to teacher. Hardin objected by filing an employee grievance. Salyer denied Hardin's grievance. Hardin then filed multiple grievances with various JCPS officials. All were denied.
On May 1, 2014, JCPS Superintendent, Appellee Donna Hargens, advised Hardin by letter that he would "be demoted from the position of Elementary School Assistant Principal to the position of Teacher." Hardin notified the superintendent of his intention to contest the demotion. Despite notice of the demotion, no hearing conforming to the requirements of KRS 1 161.765 was held. By letter dated June 13, 2014, Superintendent Hargens notified Hardin that JCPS would uphold the demotion decision and the demotion was effective July 1, 2014.
Hardin filed suit against JCPS, Superintendent Hargens, JCPS employee Michael Raisor, and individual board members. In his amended petition, he claimed Appellees: (1) violated Kentucky law by demoting him without complying with KRS 161.765 ; (2) violated statutory and regulatory requirements governing the evaluation of certified educational personnel, including administrators; and (3) discriminated against him because of his age.
Contemporaneously with filing suit, Hardin appealed his negative 2013-2014 performance evaluation with the Kentucky Board of Education's State Evaluation Appeals Panel (SEAP). SEAP found some merit in Hardin's appeal; JCPS had not created a Local Evaluation Appeals Panel (LEAP) as required by KRS 156.557(7) and the SEAP ordered JCPS to create one to consider Hardin's performance evaluation. Hardin moved the circuit court to stay this lawsuit pending LEAP's decision. The circuit court denied Hardin's motion.
*5 Appellees then filed a CR 12.02(f) motion with the circuit court to dismiss Hardin's complaint for failure to state a claim. They argued Hardin was not entitled to the procedural protections governing administrative demotions found in KRS 161.765 because Hardin had not completed three years of administrative service within the district overseen by JCPS. By order entered May 27, 2015, the circuit court granted Appellees' motion to dismiss. Notwithstanding other counts, the circuit court held that the sole issue was "[w]hether Hardin is entitled to the protections of KRS 161.765." Accepting Appellees' arguments, the circuit court reasoned as follows:
KRS 161.765(2) provides procedural safeguards to a school administrator who has completed three years of service in the school district. There is no dispute that Hardin was only employed by JCPS for a period of two years prior to his demotion. Therefore, Hardin is not entitled to the protections of KRS 161.765(2). Hardin urges the Court to ignore the precedent of Hooks v. Smith , 781 S.W.2d [522] (Ky. [App.] 1989) and the [Opinion of the Attorney General] OAG 77-157, an Attorney General opinion directly aligned with [the] issue herein. Hardin argues for the creation of a property interest and for his service of three years to the Bullitt County Public Schools to be considered for the purposes of KRS 161.765(2). The Court finds his arguments unpersuasive.
(R. 179) (emphasis added).
Hardin filed a CR 59.05 motion to vacate or set aside the dismissal, arguing, inter alia , that the circuit court failed to address or consider the other causes of action contained in Hardin's amended complaint. The circuit court denied Hardin's motion. This appeal followed.
STANDARD OF REVIEW
We review dismissals under CR 12.02(f)de novo. Morgan & Pottinger, Attorneys, P.S.C. v. Botts , 348 S.W.3d 599, 601 (Ky. 2011). CR 12.02(f) is designed to test the sufficiency of a complaint. Pike v. George , 434 S.W.2d 626, 627 (Ky. 1968). It is proper to grant a CR 12.02(f) dismissal motion if:
it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim.... [T]he question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?
James v. Wilson , 95 S.W.3d 875, 883-84 (Ky. App. 2002) (internal quotation marks and citation omitted). For purposes of a CR 12.02(f) motion, this Court, like the circuit court, must accept as true the plaintiff's factual allegations and draw all reasonable inferences in the plaintiff's favor. Pike , 434 S.W.2d at 627.
ANALYSIS
Hardin argues KRS 161.765 affords him a hearing and the circuit court misconstrued the statute in finding otherwise. He asserts OAG 77-157 is contrary to the law, and the circuit court's reliance on that attorney general's opinion and Hooks v. Smith , 781 S.W.2d 522 (Ky. App. 1989) is misplaced. Hardin contends it was error for the circuit court to dismiss his complaint in toto without addressing his remaining causes of action. We agree.
We start with the statute at issue: KRS 161.765. " KRS 161.765(2) is one of the most strongly worded statutes enacted by the legislature[.]" Harlan County Bd. of Ed. v. Stagnolia , 555 S.W.2d 828, 831 (Ky. App. 1977). It reads, pertinent to this appeal:
*6 (1) A superintendent may demote an administrator who has not completed three (3) years of administrative service, not including leave granted under KRS 161.770, by complying with the requirements of KRS 161.760.
(2) An administrator who has completed three years of administrative service, not including leave granted under KRS 161.770, cannot be demoted unless the following procedures have been complied with :
(a) The superintendent shall give written notice of the demotion to the board of education and to the administrator. If the administrator wishes to contest the demotion, he shall, within ten (10) days of receipt of the notice, file a written statement of his intent to contest with the superintendent. If the administrator does not make timely filing of his statement of intent to contest, the action shall be final.
(b) Upon receipt of the notice of intent to contest the demotion, a written statement of grounds for demotion, signed by the superintendent, shall be served on the administrator. The statement shall contain:
1. A specific and complete statement of grounds upon which the proposed demotion is based, including, where appropriate, dates, times, names, places, and circumstances;
2. The date, time, and place for a hearing, the date to be not less than twenty (20) nor more than thirty (30) days from the date of service of the statement of grounds for demotion upon the administrator.
KRS 161.765(1) - (2) (emphasis added). The statute goes on to describe the hearing procedures that must be followed to demote an administrator with three years' experience, the timeframe within which the Board must issue its decision, and the appeals process. KRS 161.765(2)(d)-(f).
Hardin argues he is entitled to the procedural protections of KRS 161.765(2) before JCPS may demote him. The circuit court believed otherwise. Interpreting the statute, the circuit court opined that an administrator must have completed three years of administrative service in the same school district before he or she could claim the statute's protections. Hardin, the circuit court reasoned, was not entitled to the statute's benefits because he had only completed two years of administrative service with JCPS. We find the circuit court's interpretation of KRS 161.765 seriously flawed.
The cardinal rule in construing a statute is "to give effect to the intent of the General Assembly." Burke v. Commonwealth , 506 S.W.3d 307, 317 (Ky. 2016). "Discerning legislative intent requires a focus on the words chosen by the legislature." Allstate Insurance Company v. Smith , 487 S.W.3d 857, 861 (Ky. 2016). Accordingly, the first step when interpreting a statute is to apply and give effect to the plain and ordinary meaning of the statute's words. Kentucky Occupational Safety and Health Review Comm'n v. Estill County Fiscal Court , 503 S.W.3d 924, 929 (Ky. 2016). "If those words, given their common understanding and meaning, are clear or unambiguous, our task is complete-we simply apply the will of the legislature." Smith , 487 S.W.3d at 861. Significantly, "[w]e are not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used." Edwards v. Harrod , 391 S.W.3d 755, 757 (Ky. 2013) (quotation marks and footnote omitted).
This issue calls for nothing more than reading the words of the statute at *7 issue. The language is plain: once an administrator completes three years of administrative service, not including any leaves of absence, he or she is entitled to the statute's procedural safeguards. See KRS 161.765(2). The statute does not require that the administrative service occur in the same school district. If the legislature had intended the service to be within the same school district, it easily could have added such language to the statute. But it did not. It is not the circuit court's or this Court's place to add it. Id.
Nor is it the place of the Attorney General to do so. The circuit court was led astray by OAG 77-157. In that opinion, a deputy attorney general believed:
that the specific reference to KRS 161.770 in KRS 161.765 was for the purpose of recognizing continuity of administrative service status in a particular school system.... We believe KRS 161.765 countenance[s] a continuity in a particular school system as an administrator for three years. The three years must be ... in the same school system.... Any other interpretation of KRS 161.765 ignores the importance and practicalities of the reference to KRS 160.770 in that statute.
OAG 77-157. The reasoning is strained, requiring a belief that, rather than simply adding the phrase "within the district," the legislature consciously took the subtle approach of referring to a statute dealing solely with employee leaves of absence. The author of the AG opinion, ignoring the plain language of KRS 161.765(2), violated a cardinal rule of statutory interpretation when he improperly added the language "in the same school system" to the statute. Metzinger v. Kentucky Ret. Sys. , 299 S.W.3d 541, 546 (Ky. 2009) (we are constrained from "surmising what may have been intended but was not expressed").
Adding language to a statute is a power reserved to the legislative branch and the power is preserved and protected by the separation of powers doctrine. Sibert v. Garrett , 197 Ky. 17, 246 S.W. 455, 457 (1922) (no state constitution "more emphatically separates" the branches of government than Kentucky's). The power "cannot be delegated by the legislative branch to the executive branch." Diemer v. Commonwealth, Transp. Cabinet, Dept. of Highways , 786 S.W.2d 861, 864 (Ky. 1990). Therefore, "[w]here a statute is intelligible on its face, the courts are not at liberty to supply words or insert something or make additions ... or cure an omission." Commonwealth v. Harrelson, 14 S.W.3d 541, 546 (Ky. 2000). Neither is the executive branch at liberty to do so. Camera Center, Inc. v. Revenue Cabinet , 34 S.W.3d 39, 44 (Ky. 2000) (reversing executive branch agency which effectively amended a statute by "add[ing] ... nonstatutory requirements ... beyond the statutory language").
The actual purpose for reference to KRS 161.770 in KRS 161.765 is easily explained. KRS 161.770 provides that a board of education may grant a teacher or administrator a leave of absence for a period of not more than two (2) consecutive school years for certain purposes. The phrase "three (3) years of administrative service, not including leave granted under KRS 161.770" in KRS 161.765 plainly means exactly what it appears to mean-the three-year prerequisite period of KRS 161.765 does not include any time an administrator spends on leave pursuant to KRS 161.770. The Attorney General's reasoning that KRS 161.765 's reference to KRS 161.770 was intended to ensure continuity in a particular school district is unsupported and unsound.
Our courts often rely on Attorney General opinions when their reasoning is *8 sound. Campbell County Library Board of Trustees v. Coleman , 475 S.W.3d 40, 46 (Ky. App. 2015). But Attorney General opinions must be roundly rejected when they are wrong. See Ellison v. Commonwealth , 994 S.W.2d 939, 940 (Ky. 1999) ("Attorney General has no power to bind or limit the opinions of this Court"). OAG 77-157 is not a controlling opinion. Because it is legally flawed, it is not persuasive.
Appellees contend that, even absent OAG 77-157, there is other binding authority directly on point: Hooks v. Smith , 781 S.W.2d 522 (Ky. App. 1989). Appellees assert that "under Hooks , the procedures outlined in KRS 161.765(2) do not apply to an administrator who is demoted prior to the completion of three successive years of service as an administrator within the same school district. " (Appellees' Brief, at 7; emphasis added). This is not what Hooks says.
The only relevant passage from Hooks useful to our analysis is what rights the case says the statute allows school administrators. It says:
the statute gives an administrator with at least three years['] experience an additional procedural opportunity to convince the board of the lack of merit in the superintendent's recommendation of demotion, or that it violates a constitutional or statutory right. In short, our statutory scheme does not appear to have created a "property interest" in a school administrator in continued employment as an administrator, although it does secure the right to certain procedural safeguards.
Hooks , 781 S.W.2d at 523-24 (emphasis added). The phrase "within the same school district" appears nowhere in Hooks . The case is not merely consistent with our interpretation of KRS 161.765 ; Hooks gives support to that interpretation. See also Miller v. Bd. of Ed. of Hardin County , 610 S.W.2d 935, 939 (Ky. App. 1980) (referring to the statute's distinction between "less experienced administrators" and "the more experienced"), superseded by statute on other grounds as stated in Estreicher v. Bd. of Ed. of Kenton County , 950 S.W.2d 839 (Ky. 1997).
Three years after Hooks , our Supreme Court interpreted the statute, quoting Hooks and highlighting the words "with at least three years experience [.]" Board of Ed. of Kenton County v. Paul , 846 S.W.2d 675, 677 (Ky. 1992). Again, in 1997, the Supreme Court focused on the experience component of the statute, stating: "The power to demote an administrator with three years or more of experience , such as Appellant, comes from KRS 161.765...." Estreicher v. Bd. of Ed. of Kenton County , 950 S.W.2d 839, 841 (Ky. 1997) (emphasis added).
Experience, in this case Hardin's experience as a Kentucky school administrator, increases over time. The three years of experience Hardin acquired as an administrator in Bullitt County was not erased because he moved from that school district to JCPS. The circuit court's interpretation of and reliance on Hooks as suggesting that it does is misplaced.
Hardin had completed five years of administrator service prior to JCPS' decision to demote him: three years in Bullitt County, and two years in Jefferson County. He was entitled to the procedural safeguards outlined in KRS 161.765 before being demoted. Taking the contents of Hardin's complaint as true, JCPS failed to afford him those protections. The circuit court erred in finding Hardin failed to state a claim for violation of KRS 161.765.
The circuit court dismissed not only Hardin's claim under KRS 161.765, but also his two remaining claims, the first *9 a challenge to JCPS' evaluation process and the second for age discrimination. The circuit court's order makes no mention of these claims; it fails to provide any legal analysis justifying their dismissal. We, however, shall review each one, beginning with Hardin's age discrimination claim.
The Kentucky Civil Rights Act (KCRA) makes it unlawful for an employer to discriminate against an individual on the basis of his age. See KRS 344.040(1)(a) ("It is an unlawful practice for an employer: (a) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's ... age forty (40) and over...."). "There are two paths for a plaintiff seeking to establish an age discrimination case. One path consists of direct evidence of discriminatory animus. Absent direct evidence of discrimination, [a p]laintiff must satisfy the burden-shifting test of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." Williams v. Wal-Mart Stores, Inc., 184 S.W.3d 492, 495 (Ky. 2005). Hardin is attempting to prove his case by way of the second path, the burden shifting of McDonnell Douglas.
The McDonnell Douglas formula first requires a plaintiff alleging wrongful age-based termination to make a prima facie case of discrimination with proof that he or she: (1) was a member of a protected class; (2) was discharged; (3) was qualified for the position from which he was discharged; and (4) was replaced by a significantly younger person outside the protected class.[2] Williams, 184 S.W.3d at 496. Once a prima facie case has been established, the burden of production-but not persuasion-shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment action. Id. at 497. And third, if the defendant successfully produces a legitimate reason, then the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the actions were motivated by his age and that the proffered reason was a mere pretext for age discrimination. Id.
We pause to reiterate the procedural posture of this case. The circuit court dismissed Hardin's complaint under CR 12.02(f), finding it failed to state a claim upon which relief may be granted. To survive, Hardin's complaint only needed to state a prima facie age discrimination claim against Appellees. We find it did.
Hardin pleaded that he was over 40 years old during the relevant period. He alleged he was demoted, and that he was qualified for the position that he held for many years prior to his demotion. Finally, although Hardin did not allege that his position was filled by a significantly younger person, JCPS had not yet filled the position at the time Hardin filed his complaint. Accordingly, Hardin appropriately alleged "that the position remained open and the employer sought other applicants" to fill his position after his demotion.
Kentucky has long adhered to the notice pleading theory: "All that is necessary is that a claim for relief be stated with brevity, conciseness and clarity." Nat. Resources and Environmental Protection Cabinet v. Williams , 768 S.W.2d 47, 51 (Ky. 1989) ; McDonald's Corp. v. Ogborn , 309 S.W.3d 274, 293 (Ky. App. 2009) ; CR 8.01(1). Applying the concepts of notice pleading, we find Hardin adequately stated *10 a claim for age discrimination against Appellees.
What remains is Hardin's claim related to the evaluation process utilized by JCPS. Hardin alleged in his complaint that JCPS arbitrarily applied and wholly failed to comply with its own administrator evaluation procedures when it disciplined and eventually demoted him. He appealed to SEAP, requesting that it review JCPS' actions and issue a decision voiding his 2013-2014 negative performance evaluation and his demotion. By decision and order entered December 22, 2014, SEAP found Hardin's appeal not ripe for adjudication because it must first be presented to a LEAP which, in violation of KRS 156.557(7), JCPS did not have. SEAP remanded the matter to JCPS for creation of a LEAP, which should then consider Hardin's evaluations appeal.
Appellees argue to this Court that Hardin cannot seek judicial review of his evaluation because he failed to first exhaust his administrative remedies. They point out that, at the time the circuit court granted their CR 12.02(f) dismissal motion, SEAP had remanded the matter to JCPS for additional administrative proceedings, including a hearing before LEAP, which could then be appealed to SEAP; the administrative process, Appellees argue, was not yet complete.
"Usually, a party is required to exhaust available administrative remedies before seeking judicial relief." Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet , 133 S.W.3d 456, 471 (Ky. 2004). Honoring the exhaustion doctrine prevents premature court interference with the administrative process. Id. However, the "exhaustion doctrine does not preclude, but rather defers, judicial review until after the expert administrative body has built a factual record and rendered a final decision." Id.
Here, Hardin's claims related to JCPS' evaluation process were still percolating through administrative channels. He had not yet exhausted his administrative remedies when he filed his complaint. But failure to exhaust one's administrative remedies is not grounds to dismiss the complaint, with prejudice , under CR 12.02(f). See id. (failure to exhaust delays, but does not preclude, judicial review).
The more prudent and just course would have been for the circuit court to grant Hardin's request for a stay to allow the administrative process to reach finality. In any event, it is likely at this point that Hardin's administrative venture has reached its inevitable end and the matter is ripe for judicial review.
Accordingly, on remand we direct the circuit court to ascertain the status of Hardin's administrative appeal. If it has concluded, Hardin's claims related to JCPS' evaluation process may proceed in a manner agreeable to the circuit court and the parties; if it has not concluded, the circuit court shall hold the claims in abeyance until exhaustion has occurred.
Setting aside the exhaustion issue, JCPS argues Hardin has no right to appeal the SEAP's decision. Neither the statute ( KRS 156.557 ) nor the regulation (704 KAR 3:345) grants the right to appeal, JCPS asserts. We reject this argument.
Hardin's position is that JCPS acted arbitrarily when it disregarded its own evaluations process. The purpose of judicial review of administrative action is to eliminate arbitrariness. American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission , 379 S.W.2d 450, 456 (Ky. 1964). "On this ground the courts will assume jurisdiction even in the absence of statutory authorization of an appeal." Id. ;
*11 Reis v. Campbell County Bd. of Educ. , 938 S.W.2d 880, 887 (Ky. 1996). Hardin properly invoked the circuit court's inherent authority to judicially review JCPS' allegedly arbitrary administrative actions even absent an express statutory provision granting a right to appeal.
In sum, we find the circuit court erred in dismissing Hardin's complaint under CR 12.02(f) for failing to state a claim upon which relief may be granted. Accordingly, we reverse the Jefferson Circuit Court's May 27, 2015 order and remand for additional proceedings as outlined in this Opinion.
ALL CONCUR.

"In age discrimination cases the fourth element is modified to require replacement not by a person outside the protected class, but replacement by a significantly younger person." Williams , 184 S.W.3d at 496.