559 P.2d 216

### The BOARD OF TRUSTEES OF NO-GALES ELEMENTARY SCHOOL DISTRICT NO. 01, Appellant and Cross-Appellee,

v.

### Warren CARTIER, Appellee and Cross-Appellant.

No. 2 CA–CIV 2208.

Court of Appeals of Arizona, Division 2.

Jan. 13, 1977.

Wayne A. Cypert, Nogales, for appellant and cross-appellee.

Law Offices of Sidney L. Kain, P. C., by Sidney L. Kain, Tucson, for appellee and cross-appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a judgment of the superior court reversing the school board's dismissal of appellee. The appellee has also cross-appealed from that part of the judg-ment which denies him attorney's fees in the superior court.

The determinative issue in this case is whether appellee's teaching contract for the school year 1975–1976 was automatically re-newed.

The record shows that on January 9, 1975, the appellee, a tenured teacher, was served with a notice of incompetency which set forth with particularity specific instanc-es of behavior as required by A.R.S. § 15–265. Subsequently, on April 14, 1975, he was served with a notice of intention to dismiss which contained a written state-ment of charges alleging incompetency and specifying instances of behavior and acts or omissions constituting the charge. Pursu-ant to A.R.S. § 15–253, appellee requested a hearing which was held on June 5, 1975 before a commission appointed by the ap-pellant.

The commission, after the hearing, rec-ommended that appellee not be dismissed. This recommendation was not followed by the school board which reviewed the com-mission's findings and on July 24, 1975, decided that appellee not be issued a con-tract for the 1975–1976 school year.

A.R.S. § 15–252(A) provides:

"A. Subject to the provisions of §§ 15–253, 15–254, 15–255 and 15–257, the governing board shall, between March 15 and May 15, offer a teaching contract for the next ensuing school year to each probationary teacher and a con-tract renewal for each continuing teacher under a contract of employment with the district for the current school year, un-less, on or before April 15, the governing board, a member thereof acting on behalf of the board, or the superintendent of the school district, gives notice to the proba-tionary teacher of the board's intention not to offer a teaching contract or renew-al thereof *or in the case of a continuing teacher, unless such teacher has been dis-missed pursuant to this article. . . ."* (Emphasis added)

The record clearly shows that appellee was not dismissed prior to April 15, 1975. Appellant contends that the notice of intention to dismiss given to the appellee on April 15, 1975 was tantamount to a dismissal. We cannot agree. No construction of the language in A.R.S. § 15–252(A) is necessary. It clearly and unambiguously requires in the case of a continuing teacher that he actually be dismissed in order to prevent automatic renewal. The failure to do so here automatically renewed appellee's contract for the year 1975–1976. *Flowing Wells School District v. Stewart,* 18 Ariz. App. 19, 499 P.2d 750 (1972).

Appellee in his cross-appeal contends that the trial court erred in not allowing him attorney's fees incurred in the appeal of the case to the superior court. He analogizes to the situation in which a promissory note or contract provides for reasonable attorney's fees. In such cases attorney's fees are allowed on appeal. *Steele v. Vanderslice,* 90 Ariz. 277, 367 P.2d 636 (1961). We do not believe the analogy can be drawn here. A.R.S. § 15–263(A) provides:

> "The governing board shall pay all expenses of the hearing. The teacher and the governing board shall pay their own attorney and witness fees, except if the commission recommends that the teacher not be dismissed, the governing board shall pay all reasonable attorney and witness fees incurred by the teacher."

When read as a whole, we believe the legislature only intended that the governing board be responsible for attorney's fees incurred in the hearing before the commission.

Affirmed.

HATHAWAY and SCHROEDER, JJ., concur.