589 P.2d 1317

**Arvin G. FIKE, Plaintiff-Appellant,**

v.

**CATALINA FOOTHILLS SCHOOL DISTRICT, Defendant-Appellee.**

No. 2 CA–CIV 2905.

Court of Appeals of Arizona, Division 2.

Nov. 17, 1978.

Rehearing Denied Dec. 20, 1978.

Review Denied Jan. 9, 1979.

Sidney L. Kain, P. C. by Sidney L. Kain, Tucson, for plaintiff-appellant.

Chandler, Tullar, Udall & Redhair by John W. McDonald, Tucson, for defendant-appellee.

## OPINION

HOWARD, Judge.

Appellant, a continuing teacher, contends that he was improperly dismissed by the school board or, if not, that he is at least entitled to his pay during the period he was suspended. We hold that appellant's teaching contract was automatically renewed, that he was properly dismissed, but that he is entitled to his pay during the period of suspension.

On May 13, 1976, appellant received notice from the board, pursuant to A.R.S. Sec. 15–253, that he was immediately suspended and that the board intended to dismiss him, together with a statement of charges. He requested a hearing before a commission appointed by the governing board pursuant to A.R.S. Sec. 15–253(D) and Sec. 15–262. The hearing, delayed by appellant bringing a declaratory judgment action in the superior court, was not held until May 23, 1977. On May 26, the commission recommended dismissal. On June 8, 1977 the board reviewed the findings of the commission and dismissed appellant.

■ Appellant contends that A.R.S. Sec. 15–265 entitles him to ninety days notice of incompetency and an opportunity to correct his faults. We do not agree. He was charged with physical abuse of students which constitutes unprofessional conduct and not incompetency, therefore this statute is not applicable.[1]

■ He next contends that the commission did not make an independent decision based on the evidence and, in effect, placed the burden of proof upon him rather than upon the school board. This conclusion is based upon part of the commission's decision which states:

". . . When the Catalina Foothills School District Board presented charges

of unprofessional conduct against Mr. Fike to this Commission, it had decided in the first instance that under all the circumstances his conduct was sufficiently serious to warrant dismissal. The hearing provided no basis for the Commission to question the judgment of the School Board in this respect."

This part of the decision does not show that the commission placed the burden of proof upon appellant. It is no more than another way of stating that the evidence warrants dismissal.

■ Appellant contends that the commission erred in refusing to allow him to introduce his personnel file into evidence. He maintains that A.R.S. Sec. 15–263(D) mandates the admissibility of such evidence. We do not agree. The statute contains no such mandate. It merely gives the commission discretion to allow into evidence the records regularly kept by the governing board concerning the teacher. Appellant has not pointed out to us how he was prejudiced by the commission's failure to consider his personnel file.

Appellant also claims a denial of procedural due process based upon the last two points which we have discussed. Since there was no denial of any procedural rights, this argument is without merit.

■ It is clear, however, that appellant's teaching contract for the year 1976–1977 was automatically renewed pursuant to A.R.S. Sec. 15–252 because he was not given notice of intention not to renew him prior to April 15, 1976. *Board of Trustees of Nogales Elementary School District No. 01 v. Cartier*, 114 Ariz. 96, 559 P.2d 216 (App.1977). This means that when the suspension and notice of dismissal were served upon him he was entitled to continuation of his salary pursuant to A.R.S. Sec. 15–254(C) which states:

"Any teacher who is suspended pursuant to this section shall continue to be paid regular salary during the period of suspension."

1. This statute was amended in 1977 and no longer refers to "incompetency". Instead, it refers to "inadequacy of classroom performance".

Appellee apparently claims appellant is estopped to assert this section and that its application would be unfair because the delay here was occasioned by appellant. We do not agree. The foregoing language is clear and unambiguous. It contains no exceptions and requires no construction by this court. Appellee's remedy was to accelerate the superior court proceedings.

The judgment is affirmed in all respects except the portion which denies appellant his salary for the 1976–1977 school year. The trial court is ordered to enter judgment in favor of appellant and against appellee for the amount which is due for said school year.

HATHAWAY, J., and HENRY S. STEVENS, Retired Judge, concur.