**BOARD OF EDUCATION OF LAUREL COUNTY, Kentucky; Grover C. Garland; Roy McFadden; Jack Bolton; Jack Bruner; James Kennedy; Ryan Vires; and Joe McKnight, Appellants,**

v.

**Jim McCOLLUM, Appellee.**

Supreme Court of Kentucky.

Oct. 16, 1986.

As Corrected Nov. 6, 1986.

Rehearing Denied Jan. 22, 1987.

William G. Crabtree, Barbara C. Carnes, William G. Crabtree Law Offices, London, for appellants.

**704**

John Frith Stewart, Dennis Franklin Janes, Segal, Isenberg, Sales, Stewart & Cutler, Louisville, for appellee.

Robert L. Chenoweth, Bryan, Fogle & Chenoweth, Frankfort, for amicus curiae Kentucky School Boards Assn.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment of the circuit court upholding the termination of a tenured teacher by the Board of Education on a charge of conduct unbecoming a teacher pursuant to KRS 161.790(1)(b).

The issue is whether charges of conduct unbecoming a teacher must be supported by written records of teacher performance if such conduct is to be used as a basis for terminating the continuing service contract of the teacher.

McCollum, a 13–year employee of the Laurel County Board of Education was engaged as a homebound teacher on a continuing service contract. The superintendent of schools preferred charges against him on May 12, 1982, and McCollum was presented with an extensive statement detailing the charges in a letter dated May 17, 1982. A hearing was conducted by the Board of Education on June 11 and 12, 1982. The Board discharged McCollum for violation of KRS 161.790(1)(a) and (b), insubordination in violating lawful rules and regulations and conduct unbecoming a teacher. It was determined by the Board that McCollum had deliberately and intentionally taken sick leave from his employment for the purpose of driving a coal truck to Ohio and that he failed to visit a homebound student for the minimum required time.

The Court of Appeals reversed on the basis that the charges against McCollum were not supported by "written records of teacher performance by the superintendent, principal or other supervisory personnel" as required by KRS 161.790(2)(a). The Court of Appeals stated that the record contained no written evaluation of McCollum's performance by supervisory personnel. It ordered that he be reinstated with back pay and benefits. This appeal followed.

This Court reverses the decision of the Court of Appeals and reinstates the judgment of the circuit court.

The evidence presented to the Board of Education indicated that during the school day of February 26, 1982, McCollum drove a coal truck to Ohio. On the same morning, McCollum's wife telephoned the school authorities to report that he would not be teaching that day because he was sick. On a travel expense voucher, prepared and signed by McCollum on March 1, 1982, he wrote "sick all day" for the date of February 26, 1982. On March 18, 1982, McCollum, in order to receive pay for his sick-leave day, swore in a notarized affidavit that he was unable to perform his school duties on February 26, 1982, because of illness. He testified that several weeks later he realized his error in requesting sick leave for February 26, and attempted to correct his mistake.

The evidence introduced at the hearing before the Board included the testimony of a weighman at the coal tipple and two business records kept by him in the ordinary course of business which indicated that a carrier, James M. McCollum loaded 25.1 tons of coal on February 25, 1982, destined for Rickenbacker Air Force Base near Columbus, Ohio. This ticket bore the driver's signature "Jim McCollum." Evidence was also presented that he did not visit one of his homebound students for the required number of hours ordered by the Board of Education and in violation of specific orders by his supervisor.

McCollum argues that charges of conduct unbecoming a teacher must be supported by written records of teacher performance if such conduct is to be used as the basis for a termination of a continuing service contract. He maintains that the evidence presented at the Board of Education hearing were not such written records.

█ The evidence against McCollum supported the findings of the Board that teachers could be terminated for conduct unbecoming a teacher, as specified in KRS 161.-790(1)(b). The evidence demonstrated misconduct of a moral and criminal nature and a connection between the actions and the teacher's work, but not his technical professional competency in the classroom. McCollum executed a false affidavit in regard to a sick day which the Board claims is in violation of KRS 523.030, second-degree perjury, a Class A misdemeanor. The charge concluded by stating that McCollum's conduct indicated a basic character defect inconsistent with the teaching profession and demonstrates a complete disregard of trust and basic honesty and that such conduct was unbecoming of a teacher.

KRS 161.790 provides that a teaching contract shall remain in force during good behavior and efficient and competent service by the teacher. The statute then lists four causes for termination. Three of those causes relate to classroom performance, to which the language of Section 2(a), requiring that the causes shall be supported by written records of teacher performance, are plainly applicable.

█ The purpose of teacher tenure laws is to promote good order in the school system by preventing the arbitrary removal of capable and experienced teachers by political or personal whim. It is not to protect those who violate the regulations. A teacher is held to a standard of personal conduct which does not permit the commission of immoral or criminal acts because of the harmful impression made on the students. The school teacher has traditionally been regarded as a moral example for the students. *See Gover v. Stovall,* Ky. 35 S.W.2d 24 (1931).

Section (b), which involves conduct unbecoming a teacher, unless limited to behavior occurring on the school premises during school hours, could not possibly be documented by a record of school supervisory personnel in a manner that is probative or appropriate. Such personnel supervise in-school performance and not off-premises

activity. Consequently to give the statute an absolute, literal interpretation, produces a patently absurd result. We must construe the statutes of this nature in accordance with their purpose which means recognizing an exception to the literal language in the present statute to avoid an absurd and unworkable result.

This situation can be readily distinguished from *Blackburn v. Board of Education of Breckinridge Co.,* Ky.App., 564 S.W.2d 35 (1978) and *Carter v. Craig,* Ky. App., 574 S.W.2d 352 (1978). Both of these cases involve teachers terminated for conduct involving Subsection (d), inefficiency, incompetency, or neglect of duty. Both relate to in-school performance and written documentation of a teacher's past performance is obviously appropriate. The statutory requirement for such documentation is a reasonable restriction on the activities of the school board and its supervisory personnel.

In a similar case, the California Court of Appeals in interpreting its statute, recognized that evaluation reports, while valid in some instances relating to competency and teacher performance, have no relevance in such a case involving moral turpitude or other charges not directly associated with classroom performance. *See Pittsburg U. School District v. Commission on Professional Com.,* 194 Cal.Rptr. 672, 146 Cal. App.3d 964 (1983).

The Arizona Court of Appeals has held a statute inapplicable to dismissal based on charges of physical abuse of students. On this charge and all other charges which do not involve classroom performance of a professional nature, the teacher is entitled only to a sufficient statement of the charges against him in order to prepare a defense. *See Fike v. Catalina Foothills School District,* 121 Ariz. 285, 589 P.2d 1317 (1978).

█ It is the holding of this Court that where the charge for termination of a tenured teacher is based on evidence of immoral character or conduct unbecoming a teacher, the requirement of KRS 161.-

790(2)(a), that the charge be supported by written records of teacher performance, does not require an evaluation of the teacher during the tenure of employment.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reinstated.

All concur.