**THE WHITLEY WHIZ, INC. d/b/a The Whitley Republican, Movant,**

**v.**

**WHITLEY COUNTY, Kentucky, By and Through the WHITLEY COUNTY FISCAL COURT, consisting of Jerry F. Taylor, County Judge/Executive, Lonnie Anderson, Magistrate, Don Ashley, Magistrate and William Hamblin, Magistrate and Thomson Newspapers, (Kentucky), Inc., d/b/a The Times Tribune, Respondents.**

**No. 90–SC–156–DG.**

Supreme Court of Kentucky.

May 9, 1991.

Rehearing Denied Aug. 29, 1991.

James R. Cox, Cecelia T. Allen, Hirn, Reed, Harper & Eisinger, Louisville, for movant.

William Gary Crabtree, London, Robert P. Hammons, Leick, Johnson, Hammons & Brittain, Corbin, for respondents.

## OPINION OF THE COURT

We are called upon to construe KRS 424.120(1)(d) and determine its effect upon two competing newspapers which both claim a right to publish the Whitley County Treasurer's Report, a matter required to be published by KRS 424.220. The trial court and the Court of Appeals, relying exclusively on "its published statement of ownership" (KRS 424.120(1)(d)), held that appellee, Thomson Newspapers (Kentucky), Inc., d/b/a *The Times Tribune*, should prevail because it had a greater paid circulation than appellant, The Whitley Whiz, Inc., d/b/a *The Whitley Republican*. The courts below refused to consider which newspaper would reach the most affected persons in the publication area.

There are two newspapers in Whitley county which meet the criteria set forth in KRS 424.120(1). It is alleged, although disputed at oral argument, that *The Whitley Republican*, a weekly newspaper, has the largest circulation within Whitley County. It is undisputed, however, that *The Times Tribune*, a daily newspaper which is also published in Whitley County, has the largest overall circulation, its paid readership extending into at least two other counties. The Whitley County Fiscal Court sought a declaratory judgment as to which newspaper should publish its annual Treasurer's Report. The circuit court and the Court of Appeals held that the statute requires exclusive reliance upon the federal statement of ownership form, and that the newspaper showing the largest paid circulation thereon should publish legal notices.

Several statutes are applicable to this controversy. First, in KRS 424.110(1), "publication area" is defined as the county for which an advertisement is required by law to be made. There could be no rational dispute that the publication area for the Whitley County Treasurer's Report is Whitley County and not the adjoining counties of Knox and Laurel. The citizens of Laurel and Knox have a right to published notice of the reports of their county treasurers, but would likely have no more than a passing interest in the activities of the Whitley County Treasurer.

Next, KRS 424.120(1)(a) requires that any newspaper wishing to publish official notices maintain "its principal office in the area for the purpose of gathering news and soliciting advertisements and other general business of newspaper publications...." Manifestly, this statute requires that to be eligible to publish official notices, a newspaper have its principal office in the publication area. In the case at hand, it is conceded that both *The Times Tribune* with its principal office in Corbin, Whitley County, Kentucky, and *The Whitley Republican* with its principal office in Williamsburg, Whitley County, Kentucky, qualify.

Finally, we turn to KRS 424.120(1)(d), the statute which appears to be controlling, to determine whether it is clear and unambiguous or whether extrinsic evidence of substantial paid readership of *The Times Tribune* outside of the circulation area should be considered. This statute states:

"If, in *a publication area* there is more than one (1) newspaper which meets the above requirements, the newspaper having the *largest bona fide paid circulation as shown* by the average number of paid copies of each issue as shown in *its published statement of ownership* as filed on October 1 *for the publication area* shall be the newspaper where advertisements required by law to be published shall be carried." (Emphasis added.)

On its face, the foregoing provision appears to be clear. A latent ambiguity is

revealed, however, when it is recognized that the number shown in *The Times Tribune* statement of ownership includes substantial circulation outside of Whitley County, the publication area defined by KRS 424.110. Under these facts, the statutory requirement that the number in the published statement be observed *for* the publication area cannot be achieved. We must decide whether to strictly observe the number shown in the published statement of ownership or the actual number for the publication area. One or the other must yield.

The published statement of ownership is required by federal law and a violator is subject to criminal penalties. Recognizing this, the Legislature adopted the published statement of ownership as a convenient means of resolving disputes between newspapers as to which is entitled to legal publication rights. In so doing, however, the Legislature did not abandon the concept of "publication area" nor was its significance diminished. KRS 424.220 requires publication of financial matters of the type at issue here for the purpose of informing the public of the financial activities of local governments. If the purpose of such publication is to provide information to affected citizens, and of this there can be no doubt, then this ambiguous statute should be construed to promote its objective: to provide notice to the greatest number of affected persons. See *Conrad v. Lexington–Fayette Urban County Government*, Ky., 659 S.W.2d 190 (1983).

*The Whitley Republican* contends that it has the largest paid circulation in the publication area, Whitley County. By virtue of the trial court's exclusive reliance on the number in the published statement of ownership, this contention remains unresolved. If it could be shown that *The Whitley Republican* has the largest circulation in Whitley County, the result of the decisions of the courts below would be notice to fewer affected persons and increased cost to the county government because it must pay for notice to persons without any entitlement to it. Such a result is intolerable.

This Court is of the view that KRS 424.120(1)(d) contains a latent ambiguity when the facts of this case are applied to it, and we must construe the statute to promote legislative intent and avoid an absurd result.

"Myopic exactitude in the construction of statutes would produce many an unfortunate and unintended result. An interpretation that would produce an effect manifestly inconsistent with sound public policy is to be avoided unless it is utterly clear that the legislature actually so intended. The more unwise and unsound the result a literal construction appears to be, the more specifically must such an intention be expressed in the statute in order for the courts to be justified in construing it literally. This is merely a corollary of the rule that the courts will not give a strict literal construction to a statute if it would lead to an absurd or unreasonable conclusion." *City of Frankfort v. Triplett*, Ky., 365 S.W.2d 328, 330 (1963). (Citations omitted.)

Absurdity of result is anathema to proper statutory construction. *Board of Education of Laurel County v. McCollum*, Ky., 721 S.W.2d 703 (1987). *Commonwealth of Kentucky Department of Highways v. Wilkins*, Ky., 320 S.W.2d 125 (1959).

A few years ago, former Justice John S. Palmore penned a memorable line which is appropriate here. "When all else is said and done, common sense must not be a stranger in the house of the law." *Cantrell v. Kentucky Unemployment Insurance Commission*, Ky., 450 S.W.2d 235, 237 (1970). We must not fail to heed this fundamental principle.

Accordingly, we reverse and remand this cause to the trial court for findings of fact as to which newspaper has the greater "bona fide paid circulation" in Whitley County and for further proceedings not inconsistent herewith.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., dissents.