BOARD OF EDUCATION OF KENTON COUNTY, KENTUCKY and Dr. John C. Forbeck in his Official Capacity as Superintendent of the Kenton County Schools, Movants,

v.

Garry Michael PAUL, Respondent.

91–SC–725–DG.

Supreme Court of Kentucky.

Sept. 3, 1992.

Rehearing Denied March 18, 1993.

Robert L. Chenoweth, William H. Fogle, Bryan, Fogle & Chenoweth, Frankfort, Robert E. Ruberg, O'Hara, Ruberg & Taylor, Covington, for movants.

Arthur L. Brooks, Brooks & Fitzpatrick, Lexington, for respondent.

SPAIN, Justice.

This litigation presents a question of statutory interpretation regarding the reassignment or "demotion" of a school administrator pursuant to KRS 161.765. For the 1985–86, 1986–87, and 1987–88 school years (July 1 through June 30), the respondent, Garry Michael Paul, was employed by the movant Board of Education of Kenton County, Kentucky, in the administrative position of assistant principal of the Simon Kenton High School.

On May 13, 1988, near the end of his third year of such administrative service, Mr. Paul received written notice from his Superintendent, movant John C. Forbeck, that pursuant to action of the movant Board of Education taken on April 19, 1988, Paul was to be removed as assistant principal and reassigned as a classroom teacher for the forthcoming school year at a reduced salary.

Four days later, Mr. Paul filed suit in the Kenton Circuit Court alleging that his reassignment or demotion was unconstitutional as arbitrary, and did not comply with the statutory requirements of the Kentucky Teacher Tenure Act as set out in KRS 161.765(2).

In 1988 when this action accrued, KRS 161.765 provided as follows:

(1) A local board of education may demote an administrator who has not completed three (3) years of administrative service, not including leave granted un-

der KRS 161.770, by approving the superintendent's recommendation for demotion and by complying with the requirements of KRS 161.760.

(2) An administrator who has completed three (3) years of administrative service, not including leave granted under KRS 161.770, cannot be demoted unless and until the following procedures have been complied with:

. . . .

KRS 161.765(2)(a) details the notice and hearing requirements that must be followed in order to demote a "tenured administrator."

KRS 161.760(3) in 1988 stated:

Upon recommendation of the superintendent and approval of the board of education reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary provided that written notification setting forth the specific reason or reasons for reduction in responsibilities shall be furnished to the teacher not later than May 15.

After an evidentiary hearing, the circuit court found that the movants had not acted arbitrarily in reassigning the respondent. Further, it found that some years of previous service wherein the respondent was employed both as a classroom teacher and as the "dean of boys" at a different high school did not amount to service as an "administrator" within the statutory definitions. The Court of Appeals affirmed on both these issues, and since there was no cross-motion for discretionary review by respondent, they are not now before this Court.

On stipulated facts as to the remaining issue, the circuit court granted summary judgment in favor of the Board of Education and the Superintendent, holding that Mr. Paul was not entitled to a hearing on his demotion or reassignment since he had not completed three (3) years of administrative service and was properly notified in writing of the demotion prior to May 15.

The Court of Appeals reversed this holding on the grounds that under a definition of the word "year" in the "teachers' tenure law," KRS 161.720(2), Mr. Paul already had accrued three years of service as an administrator before he received his notice of demotion.

We granted review and now reverse the decision of the Court of Appeals and affirm the Kenton Circuit Court.

In its opinion, the Court of Appeals held that, by reason of the definition of "year" set out in KRS 161.720(2), the respondent acquired his third year of administrative service upon completing the first seven months of that school year. It provides, "[t]he term 'year' as applied to terms of service means actual service of not less than seven (7) school months within a school year. . . ." Accordingly, it held that the respondent could not be reassigned or demoted out of his administrative position without being afforded the hearing provided for in KRS 161.765(2)(a). We believe this was an erroneous interpretation of the statutes in question.

The clear legislative intent of the act is to provide a probationary period for administrators of three full school years before "administrative tenure" attaches. Thus evaluations must be made by superintendents and school boards in the early spring as to which probationary administrators in their third year as such should be allowed to acquire such tenure and which ones should be reassigned to nonadministrative positions. The legislature chose May 15 as an appropriate cutoff date for notice of such a demotion to be given. In that way, the administrator could finish out the six weeks or so left in the school year in the administrative position while deciding whether to accept the alternative nonadministrative position offered or to look for employment in another school district. The words "not less than seven (7) school months within a school year" imply the service may be for more than seven months, so long as not less than seven months.

If this were not so, the statute certainly would not have specifically designated May 15 as the last day for a probationer to be notified of the reassignment. Under the rationale that the "seven months" definition controls, a probationary administrator

could acquire his third year of service as early as the end of January or the first few days in February of the third school year, beginning on July 1. Giving notice of reassignment by the succeeding May 15 would then be a completely futile and meaningless gesture. Surely the legislature did not contemplate giving notice by the May 15th *before* the final seven months accrued, for this would be only in the administrator's second year of service. It becomes obvious that under the "seven months" definition test, the entire provision requiring notice before May 15 would be rendered a nullity. We could not adopt such an absurd result. *The Whitley Whiz, Inc. v. Whitley County*, Ky., 812 S.W.2d 149 (1991). Rather, in the case of the demotion or reassignment of a probationary administrator, we think the provision in the definition of a school year covering seven months' service only has meaning when coupled with the words "within a school year." Thus an administrator must only serve seven months "within each school year" beginning July 1 and ending June 30 in order to have worked "three years" as an administrator. If such administrator has already worked seven months during his third school year or will have worked seven months before June 30 of his third year of administrative service, he must be notified of a demotion before May 15 of that year, under KRS 161.760.

Our interpretation of these statutes is consistent with two earlier pronouncements by the Court of Appeals. In *Miller v. Board of Education of Hardin County*, Ky.App., 610 S.W.2d 935, 939 (1981), specific reference is made to "the May 15 deadline" for demotion of third year administrators. More recently in *Hooks v. Smith*, Ky.App., 781 S.W.2d 522, 523 (1989), in referring to KRS 161.765, the Court of Appeals stated:

> ... At best, the statute gives an administrator *with at least three years experience* an additional procedural opportunity to convince the board of the lack of merit in the superintendent's recommendation of demotion, or that it violates a constitutional or statutory right.... (Emphasis added.)

In accordance with the above, the decision of the Court of Appeals is reversed and the Summary Judgment of the Kenton Circuit Court in favor of the movants is reinstated.

STEPHENS, C.J., and LAMBERT, LEIBSON and REYNOLDS, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which COMBS, J., concurs.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because I do not believe this is a question of statutory interpretation but rather statutory application. The only question is that of the proper procedure to be followed in the demotion of an administrator. This is not a question of legislative intent, it is merely a matter of the application of the literal language of the statute. Any administrator, after three "years" of administrative service is entitled to due process as provided by K.R.S. 161.765(2) and K.R.S. 161.790.

Here the employment as an administrator followed six years of service by Paul as a teacher and "dean" at Dixie Heights High School. He was employed as an assistant principal at Simon Kenton for the years 1985–1986, 1986–1987 and 1987–88. On May 13, 1988, he received a written notice from the superintendent that pursuant to board action on April 19, 1988, he would be demoted from the position of assistant principal and reassigned as a classroom teacher for the 1988–1989 school year. Incident to the demotion was a reduction in salary of approximately $15,000.

The application of K.R.S. 161.765(2) made by the Court of Appeals is strict and literal. It should be noted that the effective date of the demotion was the beginning of the 1988–89 school year. Accordingly, at the time the demotion was to be effective, Paul would have completed three years of service as an assistant principal regardless of whether the term "year" for the purposes of K.R.S. 161.765 means seven months or a complete calendar school year.

Paul was a twelve-month employee in 1987–1988 as an assistant principal as he had been during 1985–1986 and 1986–1987.

Consequently, when the Board demoted Paul on April 19, 1988, he had already more than seven months, July, August, September, October, November, December, January, February and March of the 1987–1988 school year. He had a right by contract to three years as an assistant principal in any way that "years" are defined.

It would appear that the Board seeks to challenge the wisdom of the language of K.R.S. 161.765(2) which would require the Board to give grounds for the demotion of an administrator and to conduct a hearing before such demotion. Such a concern should be directed to the General Assembly.

In this case, the administrator seems to be confined to a legal limbo which deprives the employee to a fundamental right to a reason for his demotion. Whenever a governmental entity does not give a reason for a reduction in position, the suspicion of pure arbitrariness or other improper motive is raised.

Here there is no evidence that Paul ever received any notice as to the reason he was being demoted. Any way you compute the term "year" it is clear that he did not receive due process as envisioned by the statute. The requirement of a reason, notice and hearing and minimum due process protections should be afforded to all public employees. Common decency demands no less.

I would affirm the decision of the Court of Appeals.

COMBS, J., joins in this dissent.