Robert SHEPHERD, Plaintiff,

v.

Dr. Thomas C. BOYSEN, Individually and in his official capacities, Defendant.

Civ. A. No. 92–53.

United States District Court, E.D. Kentucky, London Division.

April 20, 1994.

Jane V. Fitzpatrick, Brooks & Fitzpatrick, Alva A. Hollon, Jr., Hays, Moss & Lynn, Lexington, KY, for plaintiff.

Robert E. Stopher, Patricia G. Tobin, Boehl, Stopher & Graves, Louisville, KY, for defendant.

### OPINION & ORDER

BERTELSMAN, Chief Judge:

### I. Introduction

Plaintiff claims that he was wrongfully terminated from his position as Technology

Coordinator for the Harlan County Schools at the insistence of the defendant Thomas C. Boysen, Kentucky State Commissioner of Education, in violation of 42 U.S.C. § 1983 and state law. Other defendants originally named in the complaint were the Harlan County Board of Education and Grace Ann Tolliver, acting Superintendent. Judge Joseph M. Hood, who at one time was assigned this action, granted summary judgment in favor of the Board and Ms. Tolliver. The matter was subsequently reassigned to the undersigned and is now before the court on Boysen's motion for summary judgment. For the reasons set forth the motion is granted and all claims are dismissed with prejudice.

## II. Factual and Procedural Background

Not to reinvent the wheel, the court adopts and incorporates herein the undisputed facts as stated by Judge Hood in his earlier opinion as follows:

"The plaintiff was formerly the superintendent of the Harlan County School System. The defendant, Thomas C. Boysen (the commissioner), is the Kentucky Commissioner of Education—the chief state school officer. Following the plaintiff's resignation as superintendent, Tolliver became the acting superintendent of the Harlan County schools.

"On November 4, 1991, the commissioner advised the plaintiff of his recommendation that charges be preferred against the plaintiff by the Kentucky State Board for Elementary and Secondary Education (the state board) in order to effect the plaintiff's suspension and eventual removal as Harlan County superintendent.[fn 2: The charges involve ten separate counts largely consisting of alleged financial misconduct and violations of state statutes regarding school operations.] The plaintiff was advised that the charges would be presented to the state board on November 7, 1991. The charges were accepted by the state board, and an initial hearing on the charges was scheduled for November 25, 1991.

"Rather than continue with the suspension and removal process, the plaintiff resigned as superintendent effective November 13, 1991. Had the initial hearing been conducted, a determination would have been made regarding whether to suspend the plaintiff. Had the plaintiff been suspended, a final hearing to remove him as superintendent would have been scheduled no sooner than twenty days and no later than thirty days from the date of the suspension.

"As previously indicated, Tolliver was appointed acting superintendent in place of the plaintiff. On November 14, 1991, Tolliver assigned the plaintiff to the position of Technology Coordinator for the Harlan County schools.[fn 1: The parties were apparently unaware that the position of Technology Coordinator was an uncertified position, and that this assignment transferred the plaintiff from a tenured, certified position to a classified position without tenure.] By letter dated November 21, 1991, the commissioner advised Tolliver that he was 'disturbed' that the plaintiff had been reemployed, and that the plaintiff should not have been assigned to an administrative position because of the opportunity to commit the same kinds of offenses with which he had previously been charged. The commissioner instructed Tolliver to immediately suspend the plaintiff from the position of Technology Coordinator and initiate termination proceedings. The commissioner also informed Tolliver that he had referred the charges against the plaintiff to the Kentucky Education Professional Standards Board for consideration of revocation of the plaintiff's teaching and administrative certificates.

"In her response of November 25, 1991, Tolliver expressed doubt that she had the authority to suspend the plaintiff based upon charges preferred by the chief state school officer. The commissioner replied by letter dated November 26, 1991, and informed Tolliver that she had the authority to take the requested action. The commissioner further stated that if Tolliver refused to suspend the plaintiff, he would prefer charges against her for misconduct and willful neglect of duty and seek her removal as acting superintendent.

"On December 11, 1991, Tolliver advised the plaintiff that he was suspended from the position of Technology Coordinator effective immediately, pending his termination from that position. That same date, the plaintiff, acting through his then counsel, Robert L. Chenoweth, requested a hearing before a three member tribunal pursuant to Ky.Rev.Stat. 161.790(4).

"This hearing was eventually scheduled for February 12, 1992. On February 4, 1992, Tolliver moved to dismiss the tribunal hearing asserting that the tribunal lacked jurisdiction to consider the matter because the plaintiff held a classified position and therefore was not entitled to a hearing under Ky.Rev.Stat. 161.790. Tolliver argued that only certified personnel were entitled to such a hearing prior to termination. The plaintiff filed his own motion to dismiss contending that the tribunal lacked jurisdiction to consider the matter because the charges against him occurred while he was superintendent and could not constitute conduct unbecoming a teacher under KRS 161.790(1)(b) since they did not occur while he was a teacher.

"At the tribunal hearing on February 12, 1992, counsel for Tolliver and the Board, Kenneth Buckle, made a statement in support of his motion to dismiss for lack of jurisdiction because the plaintiff was a classified employee. In response, the plaintiff's attorney, Mr. Chenoweth stated,

'We have agreed with the position taken by Mr. Buckle. We concur—we echo and state very strongly that for this and other reasons as we have set out, we would believe that this Tribunal Panel does not have subject matter jurisdiction, as Mr. Buckle has used that term, for any consideration under KRS 161.-790, as to Robert Shepherd.'

[Record # 23, Exhibit B, p. 11]. Following these statements, the tribunal went into executive session to consider the motions. When they returned, they granted Tolliver's motion to dismiss and terminated the tribunal hearing on the basis that the plaintiff was a classified employee and was not entitled to a hearing under Ky.Rev. Stat. 161.790. The plaintiff raised no objection to dismissal on these grounds."

*Doc. # 31, pp. 1–4.*

After the tribunal hearing, at the insistence of Dr. Boysen [1], Tolliver terminated the plaintiff from any employment with the Harlan County schools. It is undisputed that plaintiff never requested a "name-clearing hearing" at any time and never requested a hearing to challenge the fact that his appointment as Technology Coordinator changes his status from certified to classified. *Doc. # 60, pp. 17–22* (transcript of hearing and references mentioned therein).

Plaintiff filed this action in March 1993, raising the following grounds for compensatory, punitive, and injunctive relief: (1) deprivation of a liberty interest in violation of the Fourteenth Amendment; (2) violations of procedural and substantive due process under the Fourteenth Amendment; (3) violation of KRS § 161.790; (4) intentional interference with a contractual right; and (5) arbitrary and capricious action violative of Section 2 of the Kentucky Constitution. Defendant Boysen is named in both his individual and official capacities.

Contrary to the position taken at the tribunal hearing, in this action, plaintiff contends that, because he was a "certified employee" in his position of Technology Coordinator, he was entitled to a hearing, under KRS § 161.-790, prior to termination. He argues that even if he was not a "certified employee," a classified employee has tenure for the remainder of the school year. Principally, he argues that at the very least he was entitled to a name-clearing hearing. Finally, he contends that summary dismissal from the position as Technical Coordinator based on the same grounds as those pursued when he was a Superintendent was improper.

Although certain new issues are raised in defendant's motion for summary judgment now before the court, many of the issues are the same as those previously considered and

1. It is undisputed that all actions taken by the local board herein were performed at the insistence of Dr. Boysen.

decided by Judge Hood. Judge Hood's order was not certified under Fed.R.Civ.P. 54(b) and is interlocutory.

At the hearing following supplemental briefing of the issues as ordered, counsel for plaintiff clarified that they were not asserting a claim for monetary damages against defendant in his official capacity since such a claim is barred by the Eleventh Amendment.[2] Rather, plaintiff seeks damages against defendant in his individual capacity and injunctive relief, in the form of reinstatement, against defendant in his official capacity.[3] *See Doc. # 60, pp. 5–6 (Transcript of 2/25/94 hearing).* After the hearing, this court entered an order granting defendant's motion in part. The court dismissed plaintiff's damages claims on Eleventh Amendment and qualified immunity grounds. The court also dismissed plaintiff's state law claims. The court took plaintiff's claim for injunctive relief under advisement. *Doc. # 59.*

The findings and conclusions made at the hearing are incorporated herein by reference. The purpose of this opinion and order is to clarify the court's reasons. Furthermore, the court has reconsidered its previous dismissal of the state claims and now finds that the same should be dismissed with prejudice.

### III. Analysis[4]

**A. Liberty Interest Claim—Plaintiff Fails To Establish a Prima Facie Case For Entitlement To A Name–Clearing Hearing**

██ Plaintiff argues that he was entitled to a name-clearing hearing, as an aspect of due process. The right to a name-clearing hearing arises from a liberty interest in not having the state impugn one's good name under certain circumstances without afford-

**2.** *E.g., Pusey v. City of Youngstown,* 11 F.3d 652, 657–58 & n. 4 (6th Cir.1993).

**3.** Injunctive relief is also sought against the local board.

**4.** Ordinarily, the issue of qualified immunity would be addressed first. Since qualified immunity is not applicable to injunctive relief, however, the other issues would still have to be treated. It should be noted that qualified immunity auto-

ing one due process. The following discussion is informative:

> "Injury to reputation, standing alone, is not a liberty interest protected by the Fourteenth Amendment. *Paul v. Davis,* 424 U.S. 693, 708–09, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). The Supreme Court has stressed that 42 U.S.C. § 1983 is not an avenue for redress of any and all possible tort claims against the government, and that there exists 'no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.' *Id.* at 702, 96 S.Ct. at 1161. Rather, the Court has limited the scope of an actionable liberty interest deprivation to situations involving termination of government employment or the loss of a legal right or status previously enjoyed under state or federal law. *Id.* at 710–11, 96 S.Ct. at 1164–65. *In other words, when a plaintiff alleges the loss, infringement or denial of a government right or benefit previously enjoyed by him, coupled with communications by government officials having a stigmatizing effect, a claim for deprivation of liberty without due process of law will lie.* Defamatory publications, standing alone, do not rise to the level of a constitutional claim, no matter how serious the harm to reputation. *Id.* at 712, 96 S.Ct. at 1165."

*Mertik v. Blalock,* 983 F.2d 1353, 1362 (6th Cir.1993) (emphasis added).

██ To prevail under this theory, plaintiff must prove: (1) that defendants publicly disseminated false defamatory material, *e.g., Codd v. Velger,* 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977); *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); *Chilingirian v. Boris,*

matically applies if plaintiff has proved no violation of a federal constitutional right. *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Further, the plaintiff rendered his status so ambiguous that, even if an appellate court should determine that his rights were violated, his rights were not "so clearly apparent when he was terminated that [Boysen] should have understood" that terminating plaintiff would violate any of his constitutional rights. *Mumford v. Zieba,* 4 F.3d 429, 432 (6th Cir.1993).

882 F.2d 200, 205 (6th Cir.1989); *Burkhart v. Randles*, 764 F.2d 1196, 1201 (6th Cir.1985);[5] (2) that the dissemination was incident to a simultaneous loss of a governmental right, benefit or entitlement held by plaintiff, *e.g., Siegert v. Gilley*, 500 U.S. 226, 231–34, 111 S.Ct. 1789, 1793–94, 114 L.Ed.2d 277 (1991); *Paul v. Davis*, 424 U.S. 693, 708–14, 96 S.Ct. 1155, 1164–66, 47 L.Ed.2d 405 (1976); *Mertik*, 983 F.2d at 1363; and (3) that plaintiff demanded a name-clearing hearing prior to bringing suit, *see e.g., Burkhart*, 764 F.2d at 1200 n. 5.[6]

■ Plaintiff here has proved only one of these elements—that he was deprived of a public benefit, namely termination of his employment as Technology Coordinator by the Harlan County Board of Education, a governmental entity. The uncontested facts show that the other prerequisites are entirely lacking. There is nothing in the record to indicate that the defendants publicly disseminated the charges against plaintiff, or even that anyone not involved in the proceedings to terminate plaintiff had any knowledge of the charges. Plaintiff offers no evidence that the charges were false.

Nor did plaintiff demand a name-clearing hearing. A tribunal had been convened to give plaintiff a hearing as a certified employee. As discussed above, plaintiff concurred in dissolving the tribunal without the hearing being held. This would have been a great opportunity to say, "As long as we're all together, let's have a name-clearing hearing." Nothing of the kind occurred. Furthermore, plaintiff did not demand a name-clearing hearing when he was terminated as a classified employee following dissolution of the tribunal.

5. *Accord McMath v. City of Gary*, 976 F.2d 1026 (7th Cir.1992); *Brennan v. Hendrigan*, 888 F.2d 189, 196 (1st Cir.1989).

6. *Accord Gillum v. City of Kerrville*, 3 F.3d 117, 121 (5th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 881, 127 L.Ed.2d 76 (1994); *Howze v. City of Austin*, 917 F.2d 208 (5th Cir.1990).

7. The first two paragraphs of the response before the tribunal read:

"Comes Robert Shepherd, by and through counsel, and for his Response to the Motion to

■ Therefore, plaintiff fails to make a prima facie case and defendant's motion must be granted. The court will observe in passing that, even had the plaintiff made good his claim to a name-clearing hearing, it would not have resulted in the injunctive relief he seeks—reinstatement to his position. Indeed, all that is required to implement such right is to convene a tribunal which will listen to plaintiff's side of the matter. It need not even make any findings. *See Chilingirian*, 882 F.2d at 206 (discussion of Judge Guy).

## B. Federal Procedural and Substantive Due Process Claims And State Tort and Statutory Claims

### 1. Plaintiff Waived The Argument That He Was A "Certified Employee" And, Further, Is Estopped From Relitigating The Issue

■ Plaintiff continues to argue here, as before Judge Hood, that he was a certified employee at the time of his termination and, as such, could not be dismissed without the procedures provided for in KRS 161.790, which include a statement of charges and a due process hearing, if desired. He argues that, although he joined in the motion to terminate the tribunal proceedings for lack of jurisdiction, his concurrence was based on another ground—that he could not be charged with conduct unbecoming a teacher for acts he committed as superintendent. The oral statement at the hearing and a written response filed by plaintiff to the superintendent's motion to dismiss, however, demonstrate that, although this was an alternate ground, plaintiff unqualifiedly endorsed the superintendent's argument that the post of Technology Coordinator was not a certified position.[7]

Dismiss filed by Grace Ann Tolliver, Acting Superintendent of the Harlan County School District, herein on February 4, 1992 (copy attached) states that he does not oppose said motion and *that he joins with the Acting Superintendent in urging dismissal of the charges.*

"As an *additional* ground in support of his Motion To Dismiss served herein on February 3, 1992, Robert Shepherd states, by counsel, that this Tribunal does not have jurisdiction to consider charges arising out of an officer's alleged misconduct (which is denied) as superintendent of a school district purportedly un-

Furthermore, Judge Hood found that plaintiff had waived any claim to certified status as follows:

"With respect to the February 12, 1992, tribunal hearing, the plaintiff has allowed himself to be placed in a catch–22 situation. Tolliver and the Board are correct that the plaintiff either was entitled to a hearing prior to his removal as Technology Coordinator or he was not. If he held a certified position, he was offered a hearing which he did not wish to continue. If he held a classified position, he was not entitled to a hearing. In reaching its determination, the court emphasizes that it is of no significance whether Technology Coordinator is considered a certified position or a classified position.

"If, at the time of the February 12, 1992, hearing, the plaintiff occupied a certified position, he was entitled to a hearing pursuant to Ky.Rev.Stat. 161.790 prior to termination. Such a hearing was convened on that date, but the plaintiff failed to take advantage of the opportunity. The hearing was dismissed based upon the tribunal's conclusion that the plaintiff occupied a classified position—a decision with which the plaintiff expressed agreement. Having agreed with the determination, the plaintiff waived whatever hearing rights he may have had if he viewed himself as a certified employee.

"The tribunal was convened to evaluate the case against a certified employee. Yet, it was confronted with an employee who made no objection to the determination that he was classified rather than certified. This constituted a knowing waiver of any right to a hearing as a certified employee. A hearing was offered, and the plaintiff concurred in its termination."

*Doc. # 31, pp. 6–7.*

Plaintiff is correct that Judge Hood's order granting summary judgment to the Harlan County defendants is interlocutory. Though interlocutory, however, it is unassailable in its logic.

In attempting to resurrect the claim that he was a certified employee, plaintiff runs afoul of the doctrines both of waiver and of estoppel. Waiver is the voluntary relinquishment of a known right. *E.g., Fuentes v. Shevin,* 407 U.S. 67, 94–97, 92 S.Ct. 1983, 2001–03, 32 L.Ed.2d 556 (1983); *Lowary v. Lexington Local Bd. of Educ.,* 903 F.2d 422, 429–30 (6th Cir.1990). Clearly, plaintiff's actions meet this test.

A litigant is estopped to change legal positions if (1) they were invoked against the adverse party in a prior proceeding; (2) the adverse party detrimentally relied on the prior position; and (3) the adverse party would now be prejudiced if the change of position were permitted. *Teledyne Ind., Inc. v. NLRB,* 911 F.2d 1214, 1220 (6th Cir.1990) (and cases cited therein).

In the instant case, the adverse parties were prepared to proceed against plaintiff before the tribunal, including attacking his position that misconduct as superintendent could not be raised against him as Technology Coordinator. They had gone to the expense of having counsel present. The proceeding was terminated on the ground concurred in by plaintiff that he was not a certified employee. Now plaintiff would have the court hold that he is a certified employee, a position that would cause the tribunal to have to be reconvened at additional expense to the defendants. The above criteria for waiver and estoppel fit exactly. Therefore, the court holds that plaintiff is estopped to claim that, as Technology Coordinator of the Harlan County schools, he was a certified employee.

## 2. As an At Will Employee Plaintiff Has No Claim To Deprivation of a Property or Contractual Right

Since plaintiff cannot claim that he was a certified employee, what was he? To determine his status for due process purposes, we must look to state law. Plaintiff has not called the court's attention to any provision of state law that gives a classified

---

der the authority of KRS 161.790. The charges of record deal solely with Shepherd's alleged misconduct during his term as Super-

intendent of the Harlan County School District."

*Doc. # 38, Exhibit thereto (emphasis added).*

employee who is not an administrator[8] any form of tenure. Although plaintiff argues a classified employee has a right to at least serve out the school year, no written or oral contract, provision of state law, or proof of custom is adduced in support of this proposition. The court, therefore, holds that plaintiff in his position as Technology Coordinator was an untenured employee at will. *See e.g., Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Mertik,* 983 F.2d at 1359; *Chilingirian,* 882 F.2d at 200. As such, plaintiff has no claim for a denial of procedural[9] or substantive[10] due process, or tortious interference with a contractual relation, and defendant's motion concerning these claims must be granted.

### C. State Constitutional Claim

Plaintiff's remaining claim is that it was arbitrary and capricious in violation of Section 2 of the Kentucky Constitution to dismiss him from the Technical Coordinator's position for acts committed while Superintendent. In the interest of judicial economy, the court will exercise supplemental jurisdiction over this claim. 29 U.S.C. § 1367.

■ Even untenured public employees are entitled to be free from arbitrary and capricious personnel decisions under § 2 of the Constitution of Kentucky. *Board of Educ. of Ashland v. Jayne,* 812 S.W.2d 129 (Ky.1991).

■ Here, however, the court holds that it was not arbitrary and capricious on the part of Dr. Boysen to require the Harlan County Board to dismiss an at will employee against whom serious charges of financial misconduct had been brought and who had resigned under fire as superintendent with those charges pending.

Accordingly, the court being advised,

**IT IS ORDERED AS FOLLOWS:**

1. That defendant's motion (Doc. # 37) be, and it is, hereby **GRANTED;** and

2. That a separate Judgment dismissing the complaint be entered concurrently herewith.

---

8. Neither party asserts that plaintiff was an administrator. Under Kentucky law, an administrator must be personally certified by the state in the position he or she holds. *Petett v. Board of Educ. of Monroe County,* 684 S.W.2d 7 (Ky.Ct. App.1984) (discretionary review denied 1985). In Kentucky, administrators have a sort of quasi-tenure in that, before three years, they may be removed for any reason that is not illegally discriminatory or arbitrary and capricious. *Board of Educ. of Kenton County v. Paul,* 846 S.W.2d 675 (Ky.1993); *Hooks v. Smith,* 781 S.W.2d 522 (Ky.Ct.App.1989); *Miller v. Board of Educ. of Hardin County,* 610 S.W.2d 935 (Ky.Ct.App. 1981). If the administrator has served *more* than three years in that capacity, certain procedures must be followed. KRS 161.765.

9. The doctrine of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) is inapplicable in the case at bar because the suit involves established state procedures. *See Harris v. City of Akron,* 20 F.3d 1396 (6th Cir.1994); *Mertik,* 983 F.2d at 1364–67. However, absent a property interest, plaintiff has no right to either a pre- or post-deprivation hearing. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 539, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985); *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 408 (6th Cir.1992).

10. *See Holthaus v. Board of Educ.,* 986 F.2d 1044, 1046 (6th Cir.1993); *Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1350–51 (6th Cir. 1992) (employment contract insufficient to invoke substantive due process).