RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0081-MR

JAMES HARRISON                                                        APPELLANT

|                    | APPEAL FROM LYON CIRCUIT COURT          |
|:---|:---|
| v. | HONORABLE C. A. WOODALL, III, JUDGE |
|                    | ACTION NO. 19-CI-00157                  |

DENISE MONTALTA; DEEDRA
HART; HARRY VENSION; JANE
DOE; JOHN DOE; KENTUCKY
DEPARTMENT OF CORRECTIONS;
AND WELLPATH CORPORATION
LLC                                                                     APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE,
JUDGES.

THOMPSON, CHIEF JUDGE: James Harrison ("Appellant"), *pro se*, appeals

from an order of the Lyon Circuit Court granting the motion of Denise Montalta,

DeEdra Hart, Harry Vension, Kentucky Department of Corrections ("KDOC"),

and Wellpath Corporation LLC (collectively "Appellees") to dismiss Appellant's complaint alleging that Appellees improperly confiscated medications and medical items or failed to properly supervise the other named Appellees. Appellant argues that the circuit court erred in dismissing his action for failure to state a claim upon which relief could be granted per Kentucky Rules of Civil Procedure ("CR") 12.02(f), or per Kentucky Revised Statutes ("KRS") 454.415. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant is an inmate at the Eastern Kentucky Correctional Complex ("EKCC").[1] On December 30, 2019, he filed a complaint in Lyon Circuit Court alleging that KDOC employees Vension and/or unknown defendants John Doe or Jane Doe confiscated his medication and other medical items[2] during a search of his personal property without properly providing an itemized receipt.[3] Appellant sought declaration that the Corrections Policies and Procedures ("CPP") have the force of law and that Appellees should be enjoined from further confiscation.

---

[1] During the pendency of these proceedings, Appellant was also housed at the Green River Correctional Complex.

[2] Appellant alleged that one or more of Appellees failed to distribute to him a nebulizer device to assist his breathing.

[3] According to the complaint, Hart was warden of the facility when Appellant's medication was improperly confiscated. Vension, and unknown parties John Doe and Jane Doe, were KDOC employees. Montalta was a registered nurse employed by Wellpath LLC, which is a prison healthcare provider.

Appellant also sought $500.00 per day from the filing of the complaint until the matter was resolved. Though Appellant asserted that Appellees' actions constituted negligence and the intentional infliction of emotional distress, the substance of his complaint was that Appellees improperly failed to comply with the CPP.

On May 6, 2021, Hart, Vension, and KDOC filed a responsive pleading and motion to dismiss the complaint.[4] In support of the motion, Hart, Vension, and KDOC argued that Appellant failed to exhaust his KDOC administrative remedies before the filing of the complaint as required by KRS 454.415. In the alternative, they asserted that Appellant improperly failed to provide with the complaint proof that he exhausted his administrative remedies as required by statute. Hart, Vension, and KDOC also argued that the CPP does not confer rights on inmates; therefore, Appellant's complaint should be dismissed. Finally, Hart, Vension, and KDOC maintained that because Appellant sued Hart and Vension in both their individual and official capacities, and as the action was actually against a governmental entity which employed Hart and Vension, the action as against the individual employees should be dismissed.

---

[4] Wellpath and Montalta were not parties to the motion to dismiss, and had not filed a responsive pleading prior to the Lyon Circuit Court's dismissal of the action.

On August 20, 2021, the Lyon Circuit Court entered an order granting the motion to dismiss.  The court found that Appellant would not be entitled to relief under any set of facts he could prove, even when the allegations set out in the complaint were taken as true and the pleadings were liberally construed in a light most favorable to Appellant.  Appellant's subsequent motion to reconsider was denied and this appeal followed.[5]

## STANDARD OF REVIEW

"When reviewing appeals of CR 12.02(f)[6] dismissals, we take as true the allegations contained in the complaint."  *Hardin v. Jefferson County Board of Education*, 558 S.W.3d 1, 4 (Ky. App. 2018).  A ruling on a CR 12.02 motion resolves a question of law, which we review *de novo*.  *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009) (citations omitted).

## ARGUMENTS AND ANALYSIS

Appellant, *pro se*, argues that the Lyon Circuit Court erred in granting Appellees' motion to dismiss for failure to state a claim upon which relief could be granted.  Appellant asserts that the order granting Appellees' motion was premature, as the matter was adjudicated before Wellpath LLC entered an

---

[5] Counsel for KDOC states that Appellant has filed 14 lawsuits.

[6] CR 12.02(f) provides that a defendant may assert by way of motion the defense of a failure to state a claim upon which relief may be granted.

-4-

appearance and filed a responsive pleading. He also argues that the court erred in implicitly ruling that the CPP does not confer rights on inmates. Lastly, Appellant argues that, contrary to Appellees' assertion in their motion to dismiss, Appellant may properly prosecute claims against Hart and Vension in their official capacities. He seeks an opinion reversing the order on appeal and remanding the matter to the Lyon Circuit Court for further proceedings.

The focus of Appellant's complaint is that Appellees violated the CPP as it relates to the confiscation of Appellant's medication and medical supplies, and that the CPP has "the force of law and cannot be ignored."[7] Prison regulations, however, are "primarily designed to guide correctional officials in the administration of a prison . . . [and are] not designed to confer rights on inmates[.]" *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S. Ct. 2293, 2299, 132 L. Ed. 2d 418 (1995).

KRS 454.415 states,

(1) No action shall be brought by or on behalf of an inmate, with respect to:

(a) An inmate disciplinary proceeding;

(b) Challenges to a sentence calculation;

(c) Challenges to custody credit; or

(d) A conditions-of-confinement issue;

---

[7] Complaint at p. 7.

until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

(2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.

(3) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.

(4) A court shall dismiss a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section if the inmate has not exhausted administrative remedies, and may include as part of its order an assessment of court costs against the inmate as the court may deem reasonable and prudent. The correctional facility may enforce this assessment against the inmate's canteen account and against any other assets of the inmate through any other mechanism provided by law.

The management of Appellant's possessions is properly characterized as a condition of confinement issue per KRS 454.415(1)(d). When applied to the facts before us, the statute required Appellant to exhaust his administrative remedies (KRS 454.415(1)) before proceeding in circuit court, and to attach to the complaint any documents verifying the exhaustion of his administrative remedies (KRS 454.415(3)). Appellant did attach documents to his complaint demonstrating that a prior grievance received administrative consideration. The attached documents, however, addressed only a prior grievance wherein Appellant complained about the risk of contracting HIV in the communal shower after other

-6-

inmates shaved their facial hair resulting in bleeding. The documents did not verify the exhaustion of his administrative remedies as to his instant grievance. Per the mandatory "shall" language of KRS 454.415(4), the Lyon Circuit Court was statutorily required to dismiss Appellant's action for failure to properly verify the exhaustion of his administrative remedies.

Finally, we find no basis for concluding that the circuit court erred in dismissing the complaint prior to Wellpath and Montalta filing responsive pleadings. In a pleading filed on May 6, 2021, counsel for Hart, Vension, and KDOC informed the court that Appellant had not served Wellpath and Montalta.

## CONCLUSION

Appellant's failure to exhaust his administrative remedies, and failure to file his complaint with supportive documentation per KRS 454.415(3), forms a sufficient basis for affirming the Lyon Circuit Court's order dismissing Appellant's complaint.[8] We hold as moot any question as to whether Appellant may properly maintain an action against Hart and Vension in their official capacities. Per KRS 454.415(4), the circuit court properly dismissed his action. Accordingly, we affirm the order of the Lyon Circuit Court dismissing Appellant's complaint.

---

[8] Appellant's *pro se* complaint contains passing references to negligence and the intentional infliction of emotional distress arising from the confiscation of his medicine and medical equipment. It is apparent from Appellant's pleadings, however, that he is not prosecuting these claims as independent torts. Rather, his references to negligence and the intentional infliction of emotional distress derive from his underlying claim that Appellees failed to abide by the CPP.

ALL CONCUR.


BRIEFS FOR APPELLANT:

James Harrison, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEES DEEDRA
HART, HARRY VENSION, AND
THE KENTUCKY DEPARTMENT
OF CORRECTIONS:

John Hamlet
Frankfort, Kentucky